# Commonwealth, to use of Assignees of Dimes Saving Fund, *versus* McDowell.

| 86 | 377 |
| 198 | 352 |
| 86 | 377 |
| 209 | 430 |
| 86 | 377 |
| 30 SC | 91 |

Where a point is reserved for the opinion of the court, on the trial of a case, it must set out facts as found by the jury or agreed upon by the parties. A judge cannot draw conclusions of fact from the evidence. Hence the reserved question must be a pure question of law and cannot be a mixed question of law and fact.

March 7th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

[Commonwealth *v.* McDowell.]

Error to the Court of Common Pleas of *Lehigh county :* Of January Term 1878, No. 229.

Debt by the Commonwealth of Pennsylvania to the use of Peter Gross *et al.*, assignees of the Dimes Saving Fund of Slatington, against Robert McDowell, upon the bond of the latter, as a trustee of said institution, conditioned for the faithful custody and appropriation of its funds.

The Dimes Saving Fund was duly incorporated in 1867.   Section 2d of the charter provides : That the business of the said corporation shall be to receive on deposit, from time to time, such sums of money, not less than ten cents, as may be offered by tradesmen, clerks, mechanics, laborers, servants, minors, married women, and others, and to invest the same in the stocks of this Commonwealth, or of the United States, or in stocks or bonds of any city or borough, authorized to be issued by any Act of the Legislature of this Commonwealth, or in other stocks, or in bonds and mortgages, promissory notes, with approved endorsements and other approved and valid securities. * * * *

In 1873 the trustees, of which defendant was one, invested $21,000 of the deposits in six per cent. interest-bearing certificates of deposit of Jay Cooke & Co., and $12,000 of like certificates of William Painter & Co.   These firms having failed, the savings fund became insolvent and appointed assignees,   Suit was brought upon defendant's bond for the investment and appropriation of the deposits of the bank contrary to the terms of the charter.   Upon the trial of the case, plaintiffs maintained that the business of the bank and character of the deposits were determined by the charter ; that an investment of $37,000 in Philadelphia, in interest-bearing certificates of deposit, was not necessary to carry on the business permitted, nor such investment of the deposits as directed by the charter.   Defendant contended that government securities and other charter-prescribed investments were not available, ready assets for the bank ; that the large investment of this character was necessary for the business of the bank, and that it was an investment in accordance with the charter.

The court directed a verdict in favor of the plaintiff, reserving the question whether or not the whole or any portion of the money in the hands of Painter & Co., or with Jay Cooke & Co., was authorized by the charter of the bank, and whether or not the bond of defendant is legal and valid.

The court, subsequently, was of the opinion that the whole of the money with Painter & Co. and Jay Cooke & Co., was authorized by the charter, and that the bond was legal and valid, and entered judgment on the question reserved in favor of defendant, *non obstante veredicto*.   Plaintiff excepted and assigned for error the reserving of the question of law and fact, and the entry of judgment *non obstante veredicto*.

[Commonwealth *v.* McDowell.]

*Edward Harvey* and *C. J. Erdman*, for plaintiffs in error.—The question reserved was a mixed one of law and fact, and was therefore improperly reserved. If a point of law be reserved, it must be done by stating, on the record, the facts on which it arises, without which judgment cannot be entered *non obstante veredicto.* In order to enter such judgment, the judge below cannot, himself, draw conclusions of fact from the evidence: these are to be determined by a jury or agreement of the parties: Winchester *v.* Bennett, 4 P. F. Smith 510; Wilde *v.* Trainor, 9 Id. 439; Barwell *v.* Wirth, 11 Id. 133; Ferguson *v.* Wright, 11 Id. 258. A reserved point can only be of a pure question of law: Campbell *v.* O'Neill, 14 P. F. Smith 290. Facts arising upon evidence can appear only on record by special verdict, case stated, or bill of exceptions: Willard's Appeal, 15 P. F. Smith 64.

*R. E. Wright & Son* and *E. J. Fox*, for defendant in error.— In Miller *v.* Hershey, 9 P. F. Smith 67, Judge AGNEW, in commenting upon the question of the manner of reserving points, says: "There are but three modes in which facts, arising upon the evidence, can find their way into the record: first, by the finding of a jury, which is a special verdict; second, by agreement of the parties, called a case stated; and third, by the certificate of the court, contained in a bill of exceptions." In the case at bar, when the court reserved the questions arising in this case, both parties excepted to the instructions which the court had given to the jury, and asked that "the notes of testimony bê reduced to writing, and a bill sealed, for both parties." This was done; and under this bill of exceptions all the testimony has been sent up, with the record, certified to by the learned judge who tried the case below.

Mr. Justice SHARSWOOD delivered the opinion of the court, March 25th 1878.

What constitutes a good reservation of a question of law arising on the trial of an issue of fact under the Acts of 28th March 1835, Pamph. L. 90, and 22d April 1863, Pamph. L. 554, has been frequently before the court. The rules established are not arbitrary ones, but arise from the necessity of maintaining the distinction between the respective provinces of the court and jury. Hence in order to a good reservation the facts on which the question arises must be found by the jury or agreed by the parties. They must appear on the record by the verdict or agreement. The judge cannot himself draw conclusions of fact from the evidence: Irwin *v.* Wickersham, 1 Casey 316; Winchester *v.* Bennett, 4 P. F. Smith 510. Hence the reserved question must be a pure question of law. It cannot be of a mixed question of law and fact, for that would necessarily draw to the court what properly belongs to the jury: Wilds *v.* Trainor, 9 P. F. Smith 439; Campbell *v.* O'Neill, 14 Id.

[Commonwealth *v.* McDowell.]

290. Tested by these·rules the reservation in this case cannot be supported, and as it was excepted to below and has been assigned for error here, the judgment must on that account be reversed. Whether the whole or any portion of the money in the hands of Painter & Co., or with Jay Cooke & Co., was authorized by the charter of the bank, and also whether or not the bond of defendant is legal and valid, which were the questions reserved depend evidently upon facts which are neither found nor agreed. Under what contract, upon what terms the money was in the hands of these parties, are facts essential to the determination of the first of these. questions; · and a great variety of circumstances might enter into the decision of the second. The court by whom the reserved point is to be determined either below or in error are not to look through the evidence to ascertain them. They should be so stated as to enable the court to give a final judgment without sending the case to another jury, however the reserved question may be decided. Now · here if the court should be of opinion that the bond of the defendant was illegal, or that the money deposited was authorized, judgment might be entered for defendant. But if the court should arrive at a different conclusion that the bond is legal, and the money deposited not authorized, what judgment is to be entered for the plaintiff? Surely not for the amount of the penalty, unless the sums deposited exceeded that amount. This necessary fact is not found or agreed. Suppose some deposits were authorized and some not. How is the court to draw the line? It would be fruitless therefore to consider what is a good investment under the charter, and the liability of the defendant under his bond, which seems to have been the questions intended to be reserved, conceding even that to be a pure question of law, since no judgment could be entered on this record.

Judgment reversed and *venire de novo* awarded.