## Inquirer Printing and Publishing Company versus Rice et al.

1. A judgment *non obstante veredicto* cannot be entered where no question of law has been reserved at the trial.

2. The question of law reserved, and the facts upon which that question arises, must be made a part of the record, and cannot be shown by the official notes of the court stenographer.

May 20, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term, 1884, No. 132.

Assumpsit, by the Inquirer Printing and Publishing Company against Rev. H. S. Rice, D. Rhine Hertz, O. S. Rice, A. W. Zugg and H. F. Hermes.   Pleas, non-assumpsit, payment with leave, &c.

On the trial, before PATTERSON, J., August 30, 1883, the court, without reserving a question of law, directed the jury to render a verdict for the plaintiff for $195.71.   The same day a rule was granted, on motion of defendants' counsel, to show cause why judgment should not be rendered in favor of the defendants, *non obstante veredicto.*   On November 17, 1883, this rule was made absolute, PATTERSON, J., saying:

" The plaintiffs here brought their action against the defendants as individuals, averring that they assumed to pay the claim of plaintiff.   In that the proof utterly failed, in the opinion of the court.   Consequently judgment must be entered in favor of defendants, *non obstante veredicto,* upon their paying the jury fee."

Whereupon the plaintiff took this writ of error, assigning for error the action of the court.

*A. C. Reinœhl,* for plaintiff in error.—A point of law must be reserved at the trial in order to authorize the court to enter judgment, *non obstante veredicto* :  Irwin *v.* Wickersham, 1 Casey, 316 ;  Wilson *v.* Steamboat Tuscarora, 1 Id., 317 ;  Wilde *v.* Trainor, 9 P. F. S., 439.

*B. F. Davis (A. S. Hershey* with him), for defendants in error.—The official notes of the court stenographer spread upon the record the facts upon which the point reserved arose :  Act May 8, 1876, P. L., 140 ;  Purd. Dig., 2054, pl. 16–20. An error by which the plaintiff in error could not have been injured is no ground for reversal :  Nellis et al. *v.* Reiter et al., 2 W. N. C., 203 ;  Bentz *v.* Rockey, 19 P. F. S., 80.

Mr. Justice STERRETT delivered the opinion of the court, October 6, 1884.

The prerequisites of a valid judgment *non obstante veredicto* have been so frequently stated that repetition is unnecessary. In the first place, the reservation of a controlling question of law is indispensable, and that, being the act of the court, should always be made a matter of record at the time.   It was accordingly said in Irwin *v.* Wickersham, 1 Casey, 316 : " If a point of law be reserved on the trial of a cause, the point and

the facts upon which it arises must be stated on the record in order to authorize the court to enter judgment *non obstante veredicto.*" Again, "Every reservation of a question should place distinctly on the record what the point reserved is, and the facts out of which it arises:" Ferguson *v.* Wright, 11 P. F. S., 258; and, if not found by the jury, the facts should be agreed upon by the parties: Robinson *v.* Myers, 17 P. F. S., 18. These elementary principles are reiterated in several cases, among which are: Wilson *v.* Steamboat Tuscarora, 1 Casey, 317; Winchester *v.* Bennett, 4 P. F. S., 510; Wilde *v.* Trainor, 9 Id., 439; Elkins *v.* Susquehanna Mutual Fire Insurance Co., 31 Pittsbg. Leg. Jour., 420. In every such case the judgment necessarily depends on a proper application of the law to the facts out of which the reserved question arises; and hence the necessity of stating upon the record the facts as well as the questions of law arising thereon. It is both reasonable and necessary that it should be so, because, in addition to what has been said, the parties have a right to except not only to the judgment on the reserved question, but also to the manner in which the question itself may be reserved. This cannot be satisfactorily done, nor can the judgment be properly reviewed unless the reservation, substantially in the form suggested, is distinctly made part of the record. It is a mistake to suppose that these essentials may be sufficiently shown by the notes of trial. In the first place, the notes of trial are no part of the record, and should never be relied on to furnish such evidence of a proper reservation as the record itself should exhibit. In this case all the prerequisites of a valid judgment *non obstante veredicto* are conspicuously absent. It nowhere appears, either in the record proper, the opinion of the court, or in the notes of trial, that any question of law was reserved. A verdict for plaintiff having been rendered, the court, on motion of defendants' counsel, granted "a rule to show cause why judgment should not be entered in favor of defendants *non obstante veredicto.*" In disposing of the rule the learned judge in a very brief opinion says: "The plaintiffs here brought their action against the defendants as individuals, averring that they assumed to pay the claim of plaintiffs. In that the proof utterly failed, in the opinion of the court. Consequently judgment must be entered in favor of defendants *non obstante veredicto* upon their paying the verdict fee." If plaintiff's testimony was incompetent or irrelevant it should have been excluded; if not, it was the exclusive province of the jury to consider and pass upon it.

There is nothing upon the record to support the judgment, and hence it must be reversed. The defendants having relied solely on their rule to show cause and judgment in pursuance

10 OUTERBRIDGE.—40.

thereof, are not now in a position to demand a new trial, and therefore the plaintiff is entitled to judgment on the verdict.

Judgment reversed, and judgment is now entered on the verdict in favor of plaintiff and against defendants for $195.71, with interest from August 30, 1883, the date of the verdict.