## McGinley *v.* Levering et al., Appellants.

*Negligence—Fellow servants—Foreman.*

An ordinary workman in the employment of contractors on structural ironwork, and an assistant foreman in the same employment, are fellow servants, within the rule that an employee is not entitled to recover damages for injuries caused by the negligence of a fellow servant.

Argued Jan. 4, 1893. Appeal, No. 433, Jan. T., 1892, by defendants, Wm. M. Levering et al., from judgment of C. P. No. 3, Phila. Co., March T., 1891, No. 1030, on verdict for plaintiff, John McGinley. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ,

Trespass for personal injuries. The negligence alleged in plaintiff's statement was in ordering plaintiff to hold a steel hammer in a certain position while another workman struck it with another steel hammer.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $300. Defendants appealed.

*Errors assigned* were, inter alia, (1) instructions recited in opinion of Supreme Court, quoting them.

*John B. Thayer*, for appellants.—Even a foreman is but a fellow workman: Lehigh Coal Co. v. Jones, 86 Pa. 432; N. Y. Railroad Co. v. Bell, 112 Pa. 400; Kinney v. Corbin, 132 Pa. 341; Johnson v. Towboat Co., 135 Mass. 209.

Whether the fellow servant acted as a fellow servant merely, or as a representative of the master, is a question of law and not of fact: Kinney v. Corbin, 132 Pa. 341; Johnson v. Towboat Co., 135 Mass. 209; Crawford v. Stewart, 19 W. N. 48; Dealey v. P. & R. R. R., 21 W. N. 45.

The negligence alleged did not relate to anything that it was the master's duty to do, and therefore defendants are not liable: Ross v. Walker, 139 Pa. 42.

*C. Oscar Beasley*, for appellee.—The question as to whether Peterson, who gave the orders to McGinley to use the steel hammer, was an assistant foreman, was properly submitted by the court to the jury as a question of fact: Cougle v. McKee, 151 Pa. 602; Berg v. Abbot, 83 Pa. 177; Prutzman v. Bushong, 83 Pa. 526; R. R. v. Stokes, 4 W. N. 550; Dale v. Pierce, 85 Pa. 474.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 16, 1893:

The plaintiff was a workman in the employment of the defendants, who are contractors on structural iron work, and while so engaged, a steel hammer, in the hands of another workman, broke, and a piece or fragment of it penetrated the left arm of the plaintiff. Neither of the defendants was present at the time the injury occurred, but it was alleged that the workman using the hammer and in whose hands it broke, was acting under the orders of one Peter Peterson, whom the plaintiff alleges was an assistant foreman, and that the defendants were responsible for his negligence.

The only question in the case is presented by the first specification of error, which alleges that the court erred in not instructing the jury, as requested by the defendants' third point, as follows : " That Peterson, by whose order, the plaintiff alleges he placed himself in danger, was, under the evidence, a fellow workman with the plaintiff and therefore the plaintiff cannot recover."

This point should have been affirmed, and the case withdrawn from the jury. It is plain that Peterson was a fellow workman with the plaintiff. If we concede that he was an assistant foreman it does not help the plaintiff. It is settled by abundant authority that a foreman is but a fellow workman : Lehigh Coal Company v. Jones, 86 Pa. 432; New York Railroad Company v. Bell, 112 Pa. 400 ; Kinney v. Corbin, 132 ·Pa. 341. Conceding that the injury, of which the plaintiff complains, was the result of negligence, it was the negligence of a fellow workman for which the defendants are not responsible.

Judgment reversed.