## William Williams, Appellant, *v.* Crystal Lake Water Company.

*Practice, C. P.—Trial—Reservation of point of law.*

The court is not bound to frame its reservation of a question of law on a point put by counsel; it may put the reservation in its own language upon the record, and afterward render judgment upon it, without regard to the point framed by counsel.

While a reservation "that under all the evidence the verdict should be for defendant" is an improper reservation, yet the Supreme Court will not reverse a judgment non obstante veredicto, on such a reservation, where it appears that what the court passed on was not as to whether under all the evidence the plaintiff was entitled to recover, but whether by the terms of a written agreement in evidence he had relinquished the claim for which the suit was brought.

*Contract—Trespass for taking stone.*

In an action of trespass for taking stone, a judgment for the defendant will be sustained where it appears that two years subsequent to the taking of the stone, plaintiff and defendant's vendor entered into an agreement the declared purpose of which was a settlement of a suit between them in relation to the land from which the stone was taken, and that the suit referred to in the agreement, if it had been tried, would have determined the title in one or other of the parties to the agreement.

Argued Feb. 21, 1899. Appeal, No. 284, Jan. T., 1898, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1895, No. 433, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for taking stone. Before SIMONTON, P. J., of the 12th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court reserved the following point: "Under all the evidence in this case, the verdict of the jury must be for the defendant."

Judgment for defendant non obstante veredicto.

*Errors assigned* were (1) in not stating upon the record in the point reserved such facts as would justify a judgment of law thereon; (2) in entering judgment non obstante veredicto upon the point reserved.

*I. H. Burns*, with him *H. M. Streeter*, for appellant.—There is no point of law reserved, because no facts are brought upon the record upon which to found it: Clark & Thaw v. Wilder, 25 Pa. 314; Irwin v. Wickersham, 25 Pa. 316; Winchester v. Bennett, 54 Pa. 513; Com. v. McDowell, 86 Pa. 377; Car Co. v. Lumber Co., 99 Pa. 605: Ferguson v. Wright, 61 Pa. 262; Buckley v. Duff & Sons, 111 Pa. 227; Central Bank v. Early, 113 Pa. 481; Henry v. Heilman Bros., 114 Pa. 500; Newhard v. Penna. R. Co., 153 Pa. 426; Fisher v. Scharadin, 186 Pa. 565.

The reserved point, even as set forth in the opinion of the court, does not sustain the judgment: Frazier v. Monroe, 72 Pa. 166; White v. Smith, 33 Pa. 186; Edleman v. Yeakel, 27 Pa. 26; In re Grape St., 103 Pa. 121; Weston v. Charleston, 2 Pet. 449; Kendall v. United States, 12 Pet. 645; Owens v. Myers, 20 Pa. 134; Blight v. Rochester, 7 Wheaton, 548; Paull v. Mackey, 3 Watts, 125; McIlvaine v. McIlvaine, 6 S. & R. 560.

*S. B. Price*, for appellee.—The point reserved involved a pure question of law: Fisher v. Scharadin, 186 Pa. 565; Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 538; Boyle v. Mahanoy City, 187 Pa. 6.

The interpretation by the court below of the written contract and deed was correct: Shafer v. Senseman, 125 Pa. 310; Callen v. Hilty, 14 Pa. 286; Flegal v. Hoover, 156 Pa. 276; 1 Chitty on Pleadings, 500; 2 Herman on Estoppel, 749, sec. 613.

The plaintiff proved no title that prohibited Alden or his licensee from entering upon the land and taking stone: Cove v. Blanden, 1 Watts, 533; Hess v. Harrington, 73 Pa. 438; Everhart v. Dolph, 133 Pa. 628; Erwin v. Helm, 13 S. & R. 155; McCord v. Bergautz, 7 Watts, 487.

OPINION BY MR. JUSTICE DEAN, April 24, 1899:

This action is trespass by plaintiff against defendant for entering upon land called the Solomon Ellis tract, and taking from it valuable building stone. The land lay partly in Wayne and partly in Lackawanna counties, the acreage in Lackawanna being, probably, about fifty. The defendant alleged a purchase of the stone from one L. H. Alden, a former owner of that part whence the stone was taken. The plaintiff claimed ownership of the land under one William Collins, who purchased part of the tract at a tax sale made in 1882. Williams and Collins together claimed all the land in Lackawanna county. There was no dispute as to Alden having had title prior to the tax sale, but it was averred by plaintiff, that as to the part in Lackawanna county, he had lost it by that sale. It appeared that in 1891, more than four years before the institution of this suit, Alden had brought two actions, one against Collins and the other against Williams for trespassing on the same land. While these suits were pending, the parties, Alden and Williams, on October 20, 1893, entered into a written agreement, the declared purpose of which, was a settlement of all suits between them in relation to the land in Lackawanna county. By this writing, Alden, for the consideration of $300, sold to Williams a part of the Ellis tract, describing the part sold by conspicuous adjoiners and boundaries; excepting and reserving, however, all the reservations in deed of the land from James Archbald and wife to Alden and Patterson. This agreement was followed by a deed from Alden and wife to Williams. The stone taken by defendant had been removed in the year 1891, more than two years before the agreement between Alden and Williams, the antagonistic claimants of the land, and it was not disputed, the water company had purchased it from Alden. The fact of taking, the quantity and value were not disputed; nor was it questioned that, in the two suits pending, the title to the land, if they had been tried, would have turned the case one way or the other. The learned judge of the court below, in the pressure of the trial, hesitated to at once put a construction upon the agreement and deed, and submitted the evidence to the jury, to find whether the stone purchased by the water company from Alden was within its terms. The defendant, in a written point, asked the court to instruct the jury that, under all the evidence,

the verdict should be for defendant. The court, in answer, said: " We reserve the question of law raised by this point, and if it should be determined in favor of defendant, judgment will be hereafter entered in favor of defendant, non obstante veredicto." The jury found for plaintiff in sum of $1,177.70. The court, afterwards, in opinion filed on the point reserved, entered judgment for defendant, from which plaintiff appeals, assigning, substantially, two errors: 1. The point reserved is not a good reservation. 2. Even if not a bad reservation, the opinion of the court does not sustain the judgment.

As to the first, we are constrained to say that, in form, the point is not a good reservation ; it does not, on its face, reserve a question of law ; it could, just as well, have formed the basis of defendant's argument to the jury. We tried our best, in Newhard v. Penna. Railroad Co., 153 Pa. 417, and in Fisher v. Scharadin, 186 Pa. 565, to distinguish a reservation of law from one of fact, but apparently with indifferent success. Under the wording of this point, the court below could have taken up all the evidence, analyzed and weighed it, then have entered judgment according to its preponderance. This, the court did not do, nor think of doing ; nevertheless, it was not bound to frame its reservation on a point put by counsel; it could have put that reservation of a point of law in its own language upon the record, and afterwards have rendered judgment upon it, without regard to those framed by counsel. And this is exactly what the court, practically, as clearly appears from the opinion filed, did do. It did not pass upon a point, as to whether on all the evidence, the plaintiff was entitled to recover, but whether, by the terms of the written agreement, Williams had relinquished all claim to the stone he now sued for. The question with us, is, whether a case so carefully and impartially tried as was this one, shall be sent back for retrial, only because of want of form, when the entire substance of the law has been effectively administered? For nothing will be gained thereby; on a retrial, the court below, on a construction of the writings, would properly, peremptorily direct a verdict for defendant. We are of the opinion, that such a fruitless result is not necessary. The question, then, is, was the point reserved, though not so in form, really one of law? The case hinged on a construction of the written agreement of October 20, 1893. It was

not ambiguous, and its construction was plainly one of law for the court to be determined on an inspection of the writing. And as the learned judge of the court below well says:

"Applying this test to the case before us, we have the agreement and deed of October 20, 1893, containing the clause: 'This deed to be in settlement of all suits between said Alden and Williams in relation to said land.' The meaning and effect of this clause must be declared by the court, and in the light of the circumstances surrounding the matter at the time the agreement was made and the deed executed, we conclude that the controversy now before us was settled by these instruments."

There was no other suit pending between Williams and Alden than the one involving ownership of this land, the very subject of controversy here. The water company bought from Alden, and had taken away the stone when the agreement was made; a suit by Alden was an averment of his right to sell and a denial of ownership in Williams, and a settlement of such suit protects Alden's vendee as effectually as it protects Alden himself. We think the point actually passed upon was one of pure law, and that the reasons of. the court below, in that view of it, amply vindicate the judgment. What we have said, necessarily disposes of the second assignment of error.

The judgment is affirmed.