## Casey *v.* Pennsylvania Asphalt Paving Company.

*Practice, C. P.—Reservation of questions of law—Appeals.*

The established rules for the reservation of a question of law are: (1) The question must be one of law purely unmixed with any question of fact; (2) it must be one which rules the case so completely that its decision will warrant a binding instruction; (3) the question must be clearly stated, and the facts on which it arises must be admitted on the record or found by the jury in order that exceptions may be taken and a review had.

A reservation which violates any of the above rules is incurably bad, and a judgment entered in pursuance of it will be reversed whether an exception has been taken or not; but in considering whether a reservation is good, the appellate court will look at its substance notwithstanding the form in which it has been made; and if no exception has been taken to the form it will be conclusively presumed that the parties acquiesced in the statement of facts as they appear in the point, and assented to the reservation as made.

While the question "whether under all the evidence" or "upon the whole testimony the plaintiff is entitled to recover," cannot be reserved, because it involves the drawing of inferences of fact from the evidence, which is the province of the jury; the court may reserve the question "whether there is any evidence" of a fact essential to recovery. The latter is a good reservation without a statement upon the record of the facts on which the point is based.

The general rule, that the facts on which the question arises must appear on the record, applies if the question is whether certain facts established by the testimony warrant a recovery; but if the question is whether a fact not established is essential to the plaintiff's recovery, or whether as a matter of law the testimony establishes an essential fact, the rule has no application.

A point reserved in an accident case "whether under the undisputed testimony the relation of a person named to the defendant company was

such as to make it responsible for the consequences of his improper order" is not free from objection as to form, but in substance it is good. It is in effect a reservation whether there was any evidence (the testimony being undisputed) on which the jury could find that the person named was a vice principal.

*Negligence—Master and servant—Fellow servant—Superintendent.*

A vice principal for whose negligence an employer would be liable to other employees must be either, first, one in whom the employer has placed entire charge of the business, or of a distinct branch of it giving him not mere authority to superintend certain work or certain workmen, but control of the business, and exercising no discretion or oversight of his own; or secondly, one to whom he delegates a duty of his own which is a direct personal and absolute obligation from which nothing but performance can relieve him.

A foreman of a paving company who at the time of an accident is performing the duties of a common workman in which he needs assistance, and who directs a workman to go into an unsafe and improper place, is not a vice principal, but is a fellow servant of the workman to whom the direction is given.

Argued Oct. 30, 1900. Appeal, No. 159, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 612, non obstante veredicto, in case of Lawrence Casey v. Pennsylvania Asphalt Paving Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that the plaintiff, a colored boy, twenty-two years of age, was injured on October 9, 1899, while in the employment of the defendant company at its manufacturing establishment.

Slagle, J., stated the facts to be as follows:

The evidence showed that the cog wheels upon which plaintiff fell were placed against a blank furnace wall and were used to revolve drums inside the furnace. The wheels were about on the level of the second floor of the building in an open space about four feet wide. Around this open space on the second floor was erected a close board fence about four or five feet high, so that access to the open space could only be had by climbing over it. Inside the fence was placed a plank about eighteen inches wide extending alongside the cog wheels. This plank was intended for the use of the engineer in oiling and re-

pairing the machinery. It was not a passageway, as alleged by plaintiff, and ordinarily would be used when the machinery was not in motion.

Plaintiff's employment was in testing the sand as it came from the drums, and his location was on the first floor under and at the end of the open space above mentioned, through which he could see the cog wheels in operation above him. He had been so engaged for several weeks.

On the day of the accident, Miller Remaley, who was in the employ of the company and in charge of the asphalt plant as foreman, called on the plaintiff to assist him in putting out a line of hose for the purpose of watering a pile of stone which was on the lower floor near the end of the plank above mentioned, and reaching in height nearly to the plank. The hose was attached to a hydrant on the second floor. Remaley took the end of the hose, climbing over the fence to the plank, walked to the end of it and stepped down to the stone pile, the space being open at that end. Plaintiff then turned on the water and remained on the second floor near the fence. In a short time afterwards the plaintiff climbed over the fence into the open space and immediately fell upon the cog wheels and was injured as described. No one saw him as he fell, and he himself could not clearly explain how the accident happened, but said he was pulling the hose out.

The jury returned a verdict of $5,000 subject to the following question of law reserved:

Whether under the undisputed evidence the relation of Miller Remaley to the defendant company was such as to make it responsible for the consequences of his improper order. If the court should be of opinion that the company is not so responsible, then judgment to be entered in favor of defendant notwithstanding the verdict.

Subsequently the court entered judgment for defendant non obstante veredicto.

*Errors assigned* were (1) in taking the verdict subject to the opinion of the court on the question of law reserved; (4) in entering judgment for defendant non obstante veredicto.

*S. J. Graham*, with him *James S. Young*, for appellant.— There are some duties which the master owes to the servant

and from which he cannot relieve himself except by performance. The performance of these duties is a direct, personal and absolute obligation; and while the master may delegate these duties to an agent, such agent stands in the place of the master, and the latter is responsible for the acts of such agent: Tagg v. McGeorge, 155 Pa. 368; Lebbering v. Struthers & Co., 157 Pa. 312; Smith v. Oil City Tube Co., 183 Pa. 485.

The question reserved, in the form and manner in which it was reserved, was fatally defective, and so wanting in the necessary and essential elements of a correct and proper reservation as to render the judgment entered upon it erroneous; Wilde v. Trainor, 59 Pa. 442; Chandler v. Commerce Fire Ins. Co., 88 Pa. 228; Ferguson v. Wright, 61 Pa. 262; Com. v. McDowell, 86 Pa. 379; Keifer v. Eldred Twp., 110 Pa. 1.

Even if the question in the form reserved could be shown to be in accordance with the requirements of the law, it should not have been reserved at all, but should have been left to the jury: or, to state it differently, the question of what was Miller Remaley's relation to the defendant should have been left to the jury under proper instructions: Tagg v. McGeorge, 155 Pa. 376; Smith v. Oil City Tube Co., 183 Pa. 485; Lebbering v. Struthers, 157 Pa. 312.

Even if the question as reserved could be shown to be of proper form and substance, it should have been decided in favor of the plaintiff: Kehler v. Schwenk, 151 Pa. 505; Stapleton v. Citizens Traction Co., 5 Pa. Superior Ct. 253; Lewis v. Seifert, 116 Pa. 628; McGroarty v. Wanamaker, 187 Pa. 132.

*William M. Hall, Jr.,* for appellee.—Remaley was a fellow servant of plaintiff: Ryan v. Cumberland Valley R. R. Co., 23 Pa. 384; Frazier v. Penna. R. Co., 38 Pa. 104; Caldwell v. Brown, 53 Pa. 453; Weger v. Penna. R. Co., 55 Pa. 460; Mullan v. Phila. & Southern Mail Steamship Co., 78 Pa. 25; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Delaware & Hudson Canal Co. v. Carroll, 89 Pa. 374; National Tube Works Co. v. Bedell, 96 Pa. 175; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Reading Iron Works v. Devine, 109 Pa. 246; Philadelphia Iron & Steel Co. v. Davis, 111 Pa. 597; New York, Lake Erie & Western R. R. Co. v. Bell, 112 Pa. 400; Reese v. Biddle, 112 Pa. 72; Lewis v. Seifert, 116 Pa. 628; Phila. & Reading

R. R. Co. v. Hughes, 119 Pa. 301; Faber v. Carlisle Mfg. Co., 126 Pa. 387; Duffy v. Oliver Brothers, 131 Pa. 203; Kinney v. Corbin, 132 Pa. 341; Ross v. Walker, 139 Pa. 42; Ingram v. Lehigh Coal & Nav. Co., 148 Pa. 177; Spancake v. Phila. & Reading R. R. Co., 148 Pa. 184; McCool v. Lucas Coal Co., 150 Pa. 638; Haley v. Keim, 151 Pa. 117; Reiser v. Penna. R. Co., 152 Pa. 38; McGinley v. Levering, 152 Pa. 366; Hoover v. Beech Creek R. R. Co., 154 Pa. 362; Lineoski v. Susquehanna Coal Co., 157 Pa. 153; Bradbury v. Kingston Coal Co., 157 Pa. 231; Nemier v. Riter & Conley, 179 Pa. 557; Giberson v. Patterson Mills Co., 187 Pa. 513; Prevost v. Citizens' Ice & Refrigerating Co., 185 Pa. 617; Hoover v. Carbon County Electric Ry. Co., 191 Pa. 146.

OPINION BY MR. JUSTICE FELL, January 7, 1901:

The apparent lack of harmony in some of the decisions relating to reserved points disappears in a great measure, if not wholly, when attention is given to the substance instead of to the form of the reservation. The object in reserving a point is to give the trial judge an opportunity carefully to consider a doubtful question of law which arises at the trial, and upon which the decision of the case depends. The power to do this is an important aid in the administration of the law, in avoiding delay at the trial, and in saving the expense and delay of a new trial because of the error of the court in the hasty decision of difficult questions. Generally the errors in reserving points which have led to reversal by this court have resulted from the failure to observe the distinction between the province of the court to decide questions of law, and that of the jury to determine questions of fact, or from the failure of the record to disclose the precise question reserved and the facts on which it arose. Examples of these errors are found in Clark v. Wilder, 25 Pa. 314, Irvin v. Wickersham, 25 Pa. 316, Wilson v. Steamboat Tuscarora, 25 Pa. 317, Winchester v. Bennett, 54 Pa. 510, Wilde v. Trainor, 59 Pa. 439, Ferguson v. Wright, 61 Pa. 258, Com. v. McDowell, 86 Pa. 377, Chandler v. Commercial Fire Ins. Co., 88 Pa. 223, Inquirer Printing Co. v. Rice, 106 Pa. 623, Buckley v. Duff, 111 Pa. 223, Henry v. Heilman, 114 Pa. 499, Moore v. Copley, 165 Pa. 294, and a number of other cases.

The power originally conferred on the district court of Philadelphia by the act of March 28, 1835, and extended by the act of April 22, 1863, to all the courts of common pleas of the commonwealth is " to reserve questions of law which may arise at the trial." From the nature and purpose of this power it follows that no question should be reserved unless it is one which the court may properly decide ; that no reservation should be made of a question which does not control the case ; that the question reserved and the facts on which it arises should clearly appear on the record. Hence the rules established by a line of cases extending from Edmonson v. Nichols, 22 Pa. 74 to Williams v. Crystal Lake Water Co., 191 Pa. 98 : 1. The question must be one of law purely unmixed with any question of fact. 2. It must be one which rules the case so completely that its decision will warrant a binding instruction. 3. The question must be clearly stated, and the facts on which it arises must be admitted on the record or found by the jury, in order that exceptions may be taken and a review had. A reservation which violates any of these rules is incurably bad, and a judgment entered in pursuance of it will be reversed whether an exception has been taken or not. But in considering whether a reservation is good, this court will look at its substance notwithstanding the form in which it has been made ; and if no exception has been taken to the form, it will be conclusively presumed that the parties acquiesced in the statement of facts as they appear in the point, and assented to the reservation as made : Ins. Co. of Penna. v. Phœnix Ins. Co., 71 Pa. 31 ; Koons v. Western Union Tel. Co., 102 Pa. 164 ; Mohan v. Butler, 112 Pa. 590 ; Central Bank of Pittsburg v. Earley, 113 Pa. 477 ; Fulton v. Peters, 137 Pa. 613 ; Heeny v. Schwartz, 155 Pa. 154 ; Boyle v. Mahanoy City, 187 Pa. 1 ; Rynd v. Baker, 193 Pa. 486 ; Velas v. Patton Coal Co., 197 Pa. 380. In the last two cases cited the statement of the rule is so broad as perhaps to indicate that a failure to except cures all defects in a point. This was not meant. In each case the question was one of law, and the reservation was good in substance. The objection was to the form only, and what was said had reference to it. While the question " whether under all the evidence " or " upon the whole testimony the plaintiff is entitled to recover " cannot be reserved because it involves the drawing of inferences of fact from the evidence

which is the province of the jury, the court may reserve the question "whether there is any evidence" of a fact essential to recovery. This question is a pure question of law : Wilde v. Trainor, 59 Pa. 439 ; Koons v. Western Union Tel. Co., 102 Pa. 164 ; Newhard v. Penna. R. Co., 153 Pa. 417 ; Boyle v. Mahanoy City, 187 Pa. 1 ; Fisher v. Scharadin, 186 Pa. 565 ; Williams v. Crystal Lake Water Co., 191 Pa. 98. The syllabus in Yerkes v. Richards, 170 Pa. 346, puts that case in conflict with a number of the earlier and two of the more recent cases on this subject, but it does not correctly express the ground of the decision. The reason of the reversal was not because of the form of the reservation, but because as stated in the opinion on page 352, "the case depended on questions of fact which were for the exclusive consideration of the jury ; and upon the facts as they must have been found by the jury, the plaintiff was entitled to judgment."

In the opinion in Fisher v. Scharadin, supra, it is said :

" . . . . whether there be any evidence which entitles the plaintiff to recover, is a good reservation without a statement on the record of the facts on which the point is based." This should not be understood as abrogating the general rule that the facts on which the questions arise must appear on the record by agreement of the parties or by finding of the jury, but as referring to exceptional cases to which the rule does not apply. Judgment may be entered for the defendant non obstante veredicto where the record discloses entire want of evidence to substantiate a fact which is essential to the plaintiff's claim, just as judgment of nonsuit might have been entered in the same case for the same reason. In such a case judgment is entered for want of evidence, and there is no fact to place upon the record. If the question is whether certain facts established by the testimony warrant a recovery, the rule applies and the facts must appear upon the record ; but if the question is whether a fact not established is essential to the plaintiff's recovery, or whether as matter of law the testimony establishes an essential fact, the rule has no application.

The point reserved in this case "whether under the undisputed testimony the relation of Remaley to the defendant company was such as to make it responsible for the consequences of his improper order," is not free from objection as to form,

but in substance it is good.   It is in effect a reservation whether there was any evidence (the testimony being undisputed) on which the jury could find that Remaley was a vice principal. This was the real point on which the case turned.   The question was one of law, decisive of the controversy, and its decision in favor of the defendant would have warranted a peremptory instruction to find for it.   Whether the plaintiff should have been warned of the danger, and whether the place in which he was injured was an unsafe place for an employer to provide for workmen, were questions not in the case.   The danger was manifest and no warning was needed, and the place was not intended for workmen.   On the other hand it was separated because of its danger from the rest of the building by a tight board fence five feet high, within which no one had occasion to go except the engineer and he only for the purpose of oiling the machinery.

The question of law reserved was correctly decided.   There was no evidence on which the jury would have been warranted in finding that the plaintiff and Remaley were other than fellow workmen within the ruling of our cases.   The business of the defendant company was the construction of asphalt pavements.   The principal office was in Philadelphia.   The business in Pittsburg was under the charge of a general superintendent, who exercised not merely a general oversight in its management but who supervised and directed all its operations. The men employed were divided into four gangs, one of which was under the immediate charge of Remaley as foremen at the works where the materials for paving were prepared.   The superintendent visited these works regularly twice a day, and at times oftener, and remained there two or three hours each day.   He directed what should be done, and supervised the work in all its details.   Remaley employed and discharged workmen, and directed them where and how to work under the instructions received from the superintendent.   He was not in independent control of a branch of the business, and he performed none of the duties which the law imposes on an employer, and which cannot be delegated to another so as to relieve the employer from liability, unless it was in the selection of workmen, and as to that there was no complaint.   The negligence alleged was that Remaley, who at the time was per-

forming the duties of a common workman in which he needed assistance, called the plaintiff and directed him to go into the enclosure and straighten a hose.   In giving this order Remaley was not a vice principal but a foreman, and a fellow workman: Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; New York, Lake Erie & Western R. R. Co. v. Bell, 112 Pa. 400; McGinley v. Levering, 152 Pa. 366; Prevost v. Citizens Ice, etc., Co., 185 Pa. 617.   And it is only when a foreman is performing a duty which the law imposes on an employer, and which cannot be delegated so as to relieve him from liability, that the employer is responsible for his negligence.   The test of an employer's responsibility is not the rank of the servant but the nature of the service: Ricks v. Flynn, 196 Pa. 263; 12 Am. & Eng. Ency. of Law (2d ed.), p. 933.   The rule is thus stated by our Brother MITCHELL in Prevost v. Citizens Ice Co., supra, a case which practically rules this: " A vice principal for whose negligence an employer will be liable to other employees must be either, first, one in whom the employer has placed the entire charge of the business, or of a distinct branch of it, giving him not mere authority to superintend certain work or certain workmen, but control of the business and exercising no discretion or oversight of his own: New York, Lake Erie & Western R. R. Co. v. Bell, 112 Pa. 400; or secondly, one to whom he delegates a duty of his own, which is a direct personal and absolute obligation from which nothing but performance can relieve him: Lewis v. Seifert, 116 Pa. 628; Ross v. Walker, 139 Pa. 42; Prescott v. Ball Engine Co., 176 Pa. 459."

The judgment is affirmed.