### CASEY v. PENNSYLVANIA ASPHALT PAV. CO.

(Circuit Court, W. D. Pennsylvania. July 16, 1901.)

#### No. 13.

1. RES ADJUDICATA—RESERVED POINT—JUDGMENT NON OBSTANTE VEREDICTO.

Plaintiff, a servant in defendant's mill, while following the negligent directions of his foreman, was caught in machinery, and injured. In a former action in a Pennsylvania state court of competent jurisdiction to recover for such injury, the jury found a general verdict for plaintiff, subject to the opinion of the court on the question of law reserved whether, under the undisputed evidence, the relation of such foreman to defendant company was such as to make it responsible for the consequences of his improper order. The court found the question reserved in favor of defendant, and directed judgment for defendant non obstante veredicto. Such judgment was affirmed on appeal to the state supreme court. *Held*, that the question of defendant's liability to plaintiff for the

negligence of such foreman was res judicata, and could not be again litigated in another action between the same parties to recover for the same injury.

**2.** SAME—EFFECT OF JUDGMENT.

The authority to reserve questions of law on trials before juries, and on the determination of such questions to enter judgment non obstante veredicto, when warranted by such determination, is clearly implied by 2 Purd. Dig. Pa. p. 1695, providing that either party shall have a right to a bill of exceptions to the opinion of the court as if the point had been ruled and decided on the trial of the cause; and a judgment so entered is as conclusive as if a binding instruction in favor of the prevailing party had been given.

**8.** SAME.

Where, on determination of a reserved question of law, judgment is ordered and entered for defendant notwithstanding a general verdict for plaintiff, such judgment is on the merits, and another action is not authorized by Act Pa. March 27, 1713 (1 Purd. Dig. p. 1215), providing that, if a judgment for plaintiff be reversed by error, or, after a verdict in his favor, judgment that he take nothing is given on matter alleged in arrest of judgment, he may commence a new suit within one year thereafter, since such statute contemplates a judgment which is in effect a dismissal of the action not on the merits.

In pursuance of a stipulation in writing, this case was tried by the court on the 4th and 5th days of June, 1901, without the intervention of a jury. The defendant's third plea raises the question of res adjudicata, which question regularly should be, and it will be, considered first. The facts to sustain this plea are shown to be as follows, and are so found by the court:

(1) This action of trespass is for the recovery of damages for personal injuries sustained by the plaintiff on the 9th day of October, 1899, by reason of the alleged negligence of the defendant corporation, in whose employment at its manufacturing plant the plaintiff was at the time he was injured. The statement of claim, in substance, alleges that the entire control, management, and direction of this manufacturing plant and of the employés thereat (including the plaintiff) were put by the defendant corporation under the exclusive authority and supervision of Miller Remaley as the representative of the defendant, and that by reason of an improper order given by Remaley, as such representative of the defendant, and which order the plaintiff obeyed, the plaintiff was caught in certain exposed and unguarded cogwheels, and both his arms were ground up so as to require amputation near the shoulders; that Remaley was careless, reckless, and unfit for the exercise of the authority delegated to him by the defendant, as was known by the defendant, or should have been known by the defendant in the exercise of ordinary care; that the defendant was negligent in not providing a careful and competent superintendent, in not providing a safe place for the plaintiff to work in, in putting him to work in a dangerous place and at dangerous work with which he was unfamiliar and inexperienced without giving him any instruction or warning, and in not providing proper coverings for the cogwheels, and guards for protecting the workmen therefrom.

(2) This plaintiff brought an action of trespass against this defendant in the court of common pleas No. 1 of Allegheny county, Pa., a court of competent jurisdiction, to No. 612 of December term, 1899, for the recovery of damages for the same personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant, for which this action is brought. The cause of action, as set out in the plaintiff's statement of claim in the prior suit, was substantially the same as the cause of action as set out in the plaintiff's statement of claim in this suit; the only material difference between the two statements of claim being that in the former suit it was not charged, as it is here, that the defendant's superintend-

ent was careless, reckless, and unfit for the exercise of the authority delegated to him, as the defendant knew, or should have known. The facts in this case are identical with the facts in the former case. The action in the court of common pleas so proceeded that at the close of the trial the jury rendered the following verdict: "And now, to wit, April 30, 1900, we, the jurors impaneled in the above-entitled case, find for the plaintiff the sum of five thousand dollars ($5,000), subject to the opinion of the court on the question of law reserved: Whether, under the undisputed evidence, the relation of Miller Remaley to the defendant company was such as to make it responsible for the consequences of his improper order. If the court should be of opinion that the company is not so responsible, then judgment to be entered in favor of defendant notwithstanding the verdict." Subsequently the court of common pleas made the following ruling and order: "And now, August 4, 1900, this case having been argued by counsel, upon consideration thereof the question of law reserved is ruled in favor of the defendant, and it is ordered that the judgment be entered in favor of the defendant non obstante veredicto." And accordingly, on the same day, judgment was entered in favor of the defendant. The plaintiff appealed from this judgment to the supreme court of Pennsylvania, and, after argument, the supreme court, on January 7, 1901, affirmed the said judgment of the court of common pleas.

(3) This suit was brought on the 21st day of February, 1901.

Samuel J. Graham and James S. Young, for plaintiff.
Wm. M. Hall, Jr., for defendant.

ACHESON, Circuit Judge (after stating the facts as above). It is a familiar principle, not needing the citation of authorities to support it, that the judgment of a court of competent jurisdiction upon a question directly involved in a suit is conclusive as to that question in another suit between the same parties. Now, undoubtedly, the cause of action in the former suit between these parties was the same as the cause of action in this suit. The question in controversy there, as it is here, was the alleged negligence of the defendant, whereby the plaintiff suffered the injury complained of. A mere variance in the mode of describing the defendant's alleged negligence, or an additional averment of negligence on its part in the main matter complained of, does not affect the application of the rule as to the conclusiveness of a former adjudication. These propositions do not seem to be seriously disputed here. Certainly the main contention of the learned counsel for the plaintiff is that the judgment in the state court is not a bar to the present suit, because the action is saved by the second section of the act of March 27, 1713 (1 Smith's Laws, p. 76; 1 Purd. Dig. p. 1215, pl. 21), which provides as follows:

"If in any of the said actions or suits, judgment be given for the plaintiff, and the same be reversed by error, or a verdict passed for the plaintiff, and upon matter alleged in arrest of judgment the judgment be given against the plaintiff that he take nothing by his plaint, writ or bill, then, and in every such case, the party plaintiff, his heirs, executors or administrators, as the case may require, may commence a new action or suit, from time to time, within a year after such judgment reversed, or given against the plaintiff as aforesaid, and not after."

The able argument of the plaintiff's counsel has failed to convince me that this case is within the scope of the act of 1713. There was no judgment given for the plaintiff, and, of course, there was no

reversal of such a judgment. Neither "upon matter alleged in arrest of judgment" was there a judgment "given against the plaintiff that he take nothing by his plaint, writ, or bill." So that the literal terms of the act do not cover the case. Nor does the case come within the purpose of the act, as I read it. The act undoubtedly refers to the common-law proceeding in arrest of judgment from an intrinsic cause appearing upon the face of the record. 3 Bl. Comm. 393; Delaware Div. Canal Co. v. Com., 60 Pa. 367. Now, when a judgment in favor of a plaintiff is simply reversed, or where a verdict in his favor is lost by the arrest of judgment thereon, the merits of the controversy are left undetermined. In such a case there is no final judgment, whatever its form may be, upon the merits. In such a situation the plaintiff ought not to be debarred from another suit. Hence this act of 1713. In the present case, however, the record of the state court shows a judgment in favor of the defendant upon a reserved question of law. This is something very different from a judgment upon matter alleged in arrest of judgment that the plaintiff "take nothing by his plaint, writ, or bill." It is little to the purpose to say that a judgment non obstante veredicto in favor of a defendant is unknown at common law. The practice in Pennsylvania in respect to reserved points on questions of law which may arise on the trial of a cause is of statutory origin and sanction. Act March 28, 1835 (P. L. 1834–35, p. 90, § 5); Act April 22, 1863 (P. L. 554); 2 Purd. Dig. p. 1695. By the former act it is provided that "either party shall have a right to a bill of exceptions to the opinion of the court, as if the point had been ruled and decided on the trial of the cause"; and the latter act, which extends the power conferred by the former act to all the courts of common pleas of the commonwealth, contains the provision, "subject, however, to the same rules and regulations in regard to writs of error from the supreme court." Now, it is true that these acts do not expressly provide for the entry of judgment in favor of the defendant non obstante veredicto, but the grant of such authority, I think, is plainly implied. It is safe to affirm that such has been the practice from the beginning. Confirmation of these views is to be found in the opinions and decisions of the supreme court of Pennsylvania in the cases of Wilde v. Trainor, 59 Pa. 439, 442; Koons v. Telegraph Co., 102 Pa. 164, 169; and Casey v. Paving Co., 198 Pa. 348, 352, 353, 47 Atl. 1128. The following propositions and rules are laid down by the supreme court in those cases. The purpose in reserving a point is to give the trial judge an opportunity carefully to consider a doubtful question of law arising at the trial upon which the decision of the case depends. The reservation must be of a pure question of law, and one which rules the case. The question of law reserved must be so decisive of the case as to warrant a binding instruction. In Wilde v. Trainor, supra, Judge Sharswood said, "The main object of a reserved point is to save the necessity of a second trial." It seems, then, necessarily to follow that, upon the ruling of a reserved question of law in favor of the defendant, judgment may be entered for him non obstante veredicto, and that such judgment is as conclusive as if a

binding instruction in his favor had been given. The supreme court of Pennsylvania, in affirming the judgment of the court of common pleas in the former suit between these parties, held that the reservation by the trial court was, in substance, good, and that the question of law was correctly decided. Casey v. Paving Co., 198 Pa. 348, 47 Atl. 1128. That decision is conclusive here. I am therefore constrained to sustain the defendant's third plea, and to hold that the judgment in the state court in the former suit between these parties is a bar to the present action.

As this ruling is decisive of the case, the court does not feel called on to make any finding whatever under the plea of not guilty. Judgment will be entered for the defendant on the third plea only, and, if the circuit court of appeals shall be of opinion that this court was in error in sustaining that plea, then, undoubtedly, the judgment of this court will be reversed with a procedendo. And now, July 16, 1901, the court finds in favor of the defendant upon its third plea, and directs the entry of judgment for the defendant on that plea only.