# Cover, Appellant, *v.* Hoffman.

*Practice, C. P.—Trial—Reservation of question of law.*

The rules for reserving a question of law at a trial are: 1. The question of law reserved must be one of law purely, unmixed with any question of fact. 2. It must be one that rules the case so completely that its decision will warrant a binding instruction. 3. The question must be clearly stated, and the facts upon which it arises must be admitted on the record or found by the jury. A reservation that violates any of these rules is incurably bad, and a judgment entered in pursuance of it will be reversed whether an exception has been taken or not.

A point which asks for binding instructions because on all the evidence the plaintiff is not entitled to a verdict, or because a particular fact has not been established by a preponderance of the testimony, is incurably bad.

*Contract—Sale—Agreement to repurchase.*

On an issue to determine what was due on a confessed judgment which had been opened without terms, it appeared that the plaintiff at one time owned and conducted a country store. He was elected to a county office for the term of three years, and sold the defendant the real estate for $3,000 and the stock of goods and fixtures at a price to be determined by an appraisement, and he received a judgment note in part payment. At the time he agreed in writing that at the end of three years, if the defendant at that time desired to sell, he would purchase the real estate and the stock of goods the defendant then might have in hand on the same terms and conditions on which he had sold. The defendant agreed that he would keep up the stock of goods and, in the event of a sale to the plaintiff, that he would pay a reasonable rental for the real estate for the time he had occupied it. The defendant gave due notice of his desire to sell, as provided by the agreement, and tendered a deed for the real estate. The plaintiff failed to purchase, and the defendant's heirs afterwards sold the real estate at private sale for $1,500. *Held,* (1) that if it should be established to the satisfaction of the jury that the plaintiff's failure to comply with his agreement was without adequate reason, he was not thereby precluded from recovering anything on the judgment; (2) that the defendant's obligation was not to pay the purchase money if he elected to retain the store, but to pay in any event and at fixed times; (3) that the plaintiff's obligation was not to take back what he had sold at the option of the defendant and in discharge

of his debt, but to repurchase the real estate, and to purchase a stock of goods which was not then in existence, but might be on hand at the end of three years; and (4) if by reason of the plaintiff's breach of the agreement the defendant sustained damages, he might set-off his loss against any balance due on the judgment.

Argued Oct. 11, 1905. Appeal, No. 3, Oct. T., 1905, by plaintiff, from judgment of C. P. Somerset Co., Feb. T., 1897, No. 178, for defendant non obstante veredicto in case of J. M. Cover to use of B. S. Fleck v. Sarah J. Hoffman, Administratrix of Jacob Hoffman, deceased. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Issue to determine the amount due on a confessed judgment. Before KOOSER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. H. Koontz*, with him *J. G. Ogle*, for appellant.—The question of law was improperly reserved : Clark & Thaw v. Wilder, 25 Pa. 314; Irwin v. Wickersham, 25 Pa. 316; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Miller v. Hershey, 59 Pa. 64; Barwell v. Wirth, 61 Pa. 133; Wilde v. Trainor, 59 Pa. 439; Campbell v. O'Neill, 64 Pa. 290; Com. to use v. McDowell, 86 Pa. 377; Patton v. Pittsburg, etc., Ry. Co., 96 Pa. 169; Yerkes v. Richards, 170 Pa. 346; Gordon v. Norton, 186 Pa. 168; Casey v. Penna. Asphalt Paving Co., 198 Pa. 348.

*W. H. Ruppel*, with him *A. H. Coffroth*, for appellee, cited as to the propriety of the reservation: Casey v. Paving Co., 198 Pa. 348; Williams v. Crystal Lake Water Co., 191 Pa. 98.

OPINION BY MR. JUSTICE FELL, January 2, 1906:

The rules relating to the reservation of questions of law at the trial have been so fully considered in the recent cases of Fisher v. Scharadin, 186 Pa. 565, and Casey v. Paving Co., 198

Pa. 348, that a discussion of them is needless. They are: 1. The question reserved must be one of law purely, unmixed with any question of fact. 2. It must be one that rules the case so completely that its decision will warrant a binding instruction. 3. The question must be clearly stated and the facts upon which it arises must be admitted on the record or found by the jury. A reservation that violates any of these rules is incurably bad, and a judgment entered in pursuance of it will be reversed whether an exception has been taken or not. The question reserved at the trial in this case was raised by points for charge presented by the defendant, one of which asked for binding instructions because on all the evidence the plaintiff was not entitled to a verdict; and another because a particular fact had not been established by a preponderance of the testimony. No one of these points presented a pure question of law, arising from undisputed or admitted facts and controlling the decision of the case.

The reservation was bad and the judgment must be reversed. Since the case goes back for trial, we now express our opinion on the main question involved, whether the failure of the plaintiff to comply with his agreement to purchase the real estate sold to the defendant and the stock of goods in his possession would preclude him from recovering any part of the consideration named in the note. The issue was to determine what was due on a confessed judgment which had been opened without terms. The plaintiff owned and conducted a country store. He was elected to a county office for the term of three years, and sold the defendant the real estate for $3,000 and the stock of goods and fixtures at a price to be determined by an appraisement, and he received a judgment note in part payment. At the same time he agreed in writing that at the end of three years, if the defendant at that time desired to sell, he would purchase the real estate and the stock of goods the defendant then might have in hand on the same terms and conditions on which he had sold. The defendant agreed that he would keep up the stock of goods and, in the event of a sale to the plaintiff, that he would pay a reasonable rental for the real estate for the time he had occupied it. The defendant gave due notice of his desire to sell, as provided by the agreement, and tendered a deed for the real estate. The plaintiff failed to purchase,

and the defendant's heirs afterwards sold the real estate at pri-vate sale for $1,500.

If it should be established to the satisfaction of a jury that the plaintiff's failure to comply with his agreement was with-out adequate reason, he is not thereby precluded from recovering anything on the judgment. The defendant's obligation was not to pay the purchase money if he elected to retain the store, but to pay in any event and at fixed times. The plaintiff's obligation was not to take back what he had sold at the option of the defendant and in discharge of his debt, but to repurchase the real estate and to purchase a stock of goods which was not then in existence but might be on hand at the end of three years. If by reason of the plaintiff's breach of the agreement the defendant has sustained damages, he may set off his loss against any balance due on the judgment. The case is one in which it will be difficult to work out the equities of the parties by a jury trial, and it will be well if they act on the suggestion of the learned trial judge and agree upon a form of reference by which their respective rights can be better determined.

The judgment is reversed with a venire facias de novo.