# Snyder, Appellant, *v.* Pennsylvania Railroad Company.

*Judgment—Striking off judgment—Record—Reservation of law—Motion for judgment n. o. v.*

1. A motion to strike off a judgment must be upon the ground of irregularity appearing upon the face of the record, or for fraud, or want of jurisdiction.

2. A judgment entered upon a verdict cannot be stricken off upon a petition averring that the judgment had been irregularly entered at a time when a motion for judgment n. o. v. was pending upon a question of law reserved, where there is nothing in the record to show that any question of law had been reserved, that any exception had been taken to the charge, or that there had been any motion for judgment non obstante veredicto.

68 SNYDER, Appellant, *v*. PENNSYLVANIA R. R. CO.

Statement of Facts—Opinion of the Court. [49 Pa. Superior Ct.

Argued Oct. 25, 1911. Appeal, No. 156, Oct. T., 1911, by defendant, from order of C. P. Blair Co., Oct. T., 1903, No. 753, striking off judgment on verdict and entering judgment n. o. v. in case of Minerva B. Snyder v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for death benefits.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in striking off the judgment entered on the verdict and in entering judgment for defendant non obstante veredicto.

*A. V. Dively*, of *Dively & Dively*, for appellant.

*D. J. Neff* and *J. D. Hicks*, of *Neff, Riley & Hicks*, for appellee.

OPINION BY PORTER, J., March 1, 1912:

The plaintiff brought this action to recover the amount alleged to be due her as the beneficiary named in the certificate of her deceased husband, who had been an employee of the defendant company and a member of the "Voluntary Relief Department of the Pennsylvania Railroad Company." The action was commenced in January, 1904, and was tried in November of the same year, resulting in a verdict in favor of the plaintiff for $533, and judgment was regularly entered upon that verdict on September 9, 1909. The defendant by its attorneys, on March 16, 1910, presented a petition to the court averring that the judgment had been irregularly entered, that upon the trial of the cause the defendant had submitted points requesting the court for instructions, that the court had reserved the questions raised by those points, that the defendant, after the verdict, had made a motion for judgment non obstante veredicto, and that defendant had taken a general

exception to the verdict as directed by the court, and praying the court to strike off the judgment. The learned judge who had presided at the trial of the cause had died between the date of the entry of the judgment and the presentation of this petition by the defendant. Upon the presentation of the petition the judge then presiding granted a rule to show cause why the prayer of the petitioner should not be granted. The plaintiff filed an answer to this petition and rule, denying that any question of law had been reserved at the trial, and averring that no points had been presented at the trial asking the court for instructions, that the defendant had not made a motion for judgment non obstante veredicto and that no exceptions had been taken to the charge of the court upon the trial. She averred that the judgment had been properly entered and that the record warranted that action. The petition of the plaintiff and the answer of the defendant, respectively, contained contradictory recitals as to what the learned trial judge said, at the trial and afterwards, but those contradictory statements simply emphasize the wisdom of confining this inquiry to the facts disclosed by the record. The questions supposed to be raised by this petition and answer were argued, in February, 1911, before the learned president judge of the forty-first district, specially presiding, who in the month following filed an opinion, and not only struck off the judgment in favor of plaintiff which had been entered upon the verdict eighteen months before but entered the following order: "And now, 30 March 1911, judgment is this day entered non obstante veredicto for the defendant on the point reserved." The plaintiff excepted to the order striking off her judgment and to the entry of the judgment in favor of the defendant non obstante veredicto, and upon this appeal assigns such action of the court for error.

The action of the court below must be judged by the record. The general rule is that a motion to strike off a judgment must be upon the ground of irregularity appearing upon the face of the record, or for fraud, or want

of jurisdiction. There is in this case no allegation of fraud, and the court undoubtedly had jurisdiction of the subject-matter and the parties. The regularity of the judgment entered upon the verdict on September 9, 1909, was to be judged by the state of the record at the time the judgment was entered. There had been a trial resulting in a verdict in favor of the plaintiff for a specific sum, the verdict was absolute and unconditional, giving no indication that any question had been reserved for the determination of the court. The defendant had made no motion for a new trial, or in arrest of judgment, or for judgment non obstante veredicto. The proceedings had been in all respects regular, there was no motion pending and undetermined, and, so far as indicated by the record, the case was ripe for judgment. Even if it were conceded that the trial judge had fallen into error in instructing the jury, that could not be a reason for holding the entry of the judgment irregular, for such an error could only be corrected by an appeal after judgment, or it might have been corrected by the granting of a new trial, if any motion for a new trial had been pending. The record disclosed no reason why judgment should not have been entered on the verdict, at the time the judgment was entered. The assertion of defendant's petition that a question of law had been reserved by the court and that a motion for judgment non obstante veredicto was pending was not sustained by the record. Every reservation of a question should distinctly appear on the record. "It is a mistake to suppose that these essentials may be sufficiently shown by the notes of trial. In the first place, the notes of trial are no part of the record, and should never be relied on to furnish such evidence of a proper reservation as the record itself should exhibit:" Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 623; Buckley v. Duff & Sons, 111 Pa. 223. About eight months after this judgment had been entered, on May 2, 1910, the stenographer's notes of the trial and charge of the court, duly certified, were filed. We have examined those notes and find nothing

in them to sustain the action of the court below. The notes of the trial do not show that the appellee took an exception to any ruling of the court upon the trial, nor to the charge. These notes do not show that the defendant presented a single request for instructions, nor do they show that the court directed the entry upon the record of any question to be reserved. The charge of the court does indicate that the learned judge contemplated directing a question of law reserved to be entered upon the record, to be acted upon by him in the future, but that charge was not excepted to and is no part of the record, and the learned judge did not in fact direct the entry upon the record of any question reserved. Judged by the record the entry of judgment upon the verdict did not involve such an irregularity as warranted the court in striking it off, after the expiration of the term at which it was entered. It is not necessary for us to inquire whether the defendant might have reversed that judgment, because of the inadequacy of the charge, if it had taken an appeal within the statutory period, for it failed to take such appeal.

Even if the charge of the court were to be considered as a part of the record, it contains no such reservation of a point reserved as would warrant the entry of a judgment in favor of the defendant non obstante veredicto, for it absolutely failed to indicate what the question of law was, or whether it was a mixed question of law and fact: Fisher v. Scharadin, 186 Pa. 565; Casey v. Paving Co., 198 Pa. 348; Cover v. Hoffman, 213 Pa. 213. The trial in this case occurred prior to the approval of the Act of April 22, 1905, P. L. 286, and that statute has no bearing upon this determination. Even if the charge were to be considered as having reserved all questions of law and fact, such a reservation would, under the authorities cited, have been bad and judgment could not even then be entered in favor of the defendant. But there was in this case no question reserved upon the record, and the judgment upon the verdict should stand.

The judgment in favor of the defendant, non obstante veredicto, is reversed; the order striking off the judgment upon the verdict is reversed, and the judgment upon the verdict, in favor of the plaintiff, is reinstated.