## Henry *versus* Heilman Brothers.

1. To authorize the court to enter judgment *non obstante veredicto*, the record must show the question of law distinctly stated, and properly reserved, and the facts on which it arises must be either admitted on the record, or found by the jury.

2. Where a judgment is entered *non obstante veredicto* on a reservation of a question of law, which would not authorize a judgment to be entered contrary to the verdict, the Supreme Court will not only reverse the judgment, but will also enter judgment in accordance with the verdict.

October 11th, 1886. Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., and PAXSON, J. absent.

ERROR to the Court of Common Pleas of *Armstrong county:* Of October Term, 1886, No. 7.

This was an appeal from the judgment of a justice of the peace, for $111,65, in favor of the plaintiff in an action of debt brought by James Henry against Heilman Brothers.

[Henry *v.* Heilman Brothers.]

Henry, the plaintiff, was the sheriff of Armstrong county. The defendants, at a sheriff sale of personal property, had purchased goods amounting to $110. They believed themselves to be the first lien creditors, and entitled to receive the amount of their bid upon them, and refused to pay the sheriff the amount of it. It appeared that they did not have the legal right thus to do. On the trial, the court, NEALE, P. J., instructed the jury, " to return a verdict in favor of the plaintiff for the sum of $129.80, subject to the ruling of the court upon the question of law reserved, as to whether, under the law of the case, the plaintiff is entitled to recover."

The question of law reserved was thus stated on the record ; "15th March, 1884, question reserved, whether under the law in this case the plaintiff is entitled to recover, under all the facts."

Verdict for the plaintiff for $129.80, subject to the question of law reserved.

On motion of defendants, the court entered judgment for the defendants, *non obstante veredicto.* The plaintiff thereupon took this writ, assigning for error the action of the court in entering judgment *non obstante veredicto.*

*M. F. Leason (McCain* with him) for plaintiff in error.—The question of law was not properly reserved : Buckley *v.* Duff, 1 Amerman, 223.

*James P. Colter* for defendants in error.—The question of law was properly reserved : Buckley *v.* Duff, 1 Amerman, 223.

Mr. Justice GREEN delivered the opinion of the court, November 1st, 1886.

The learned court below, instructed the jury " to return a verdict in favor of the plaintiff, for the sum of $129.80, subject to the ruling of the court, upon the question of law reserved, as to whether under the law of the case, the plaintiff is entitled to recover."

The question of law reserved is thus stated : " 15th March, 1884, question reserved, whether, under the law in this case, the plaintiff is entitled to recover under all the facts : " No question of law was stated and reserved, no facts were stated in the reservation, none were found by the jury, or determined in any other way. The testimony is not before us, as it is not brought upon the record by any bill of exceptions, but even if it were, the evidence is not "the facts." It is the whole mass of testimony from which "facts" may be found, but until this has been done, there is no such thing as a find-

ing of facts in the case.   Here the court simply directed the jury to find a verdict for the plaintiff, and hence there was no action of the jury upon the testimony.   The jury having rendered a verdict for the plaintiff, in accordance with instructions and for the amount stated, the court subsequently entered a judgment for the defendant, notwithstanding the verdict.   Of course this could not be done, except upon a question of law, distinctly stated, and properly reserved. But here no question of law was stated, and there was no reservation of any question upon any facts agreed upon by the parties, or found by the jury.

In Buckley *v.* Duff, 111 P. S. R., 223, we said : " To authorize the court to enter judgment *non obstante veredicto*, the record must show the point and the facts on which it arises.   Irwin *v.* Wickersham, 1 Cas., 316.   The question reserved must be distinctly put on the record." . . . . . The facts must be found by the jury, or agreed upon by the parties. . . . . . A reservation, whether, under all the evidence in the cause, the plaintiff is entitled to recover, is bad : Wilson *v.* Tuscarora, 1 Cas., 317.   In this last case the reservation was in these words : " Whether under the whole evidence in the cause, the plaintiffs are entitled to recover from the owners of the steamboat, Tuscarora."   The whole opinion of this court was devoted to this one question, and it was held, in the most emphatic manner that, " It is not possible for us to sustain such a proceeding as this ; " and further, " In every case where a general verdict is given subject to a point reserved, the question of law thus reserved must be stated, and the facts on which it arises must be either admitted on the record, or found by the jury."   This decision was made in 1855, more than thirty years ago.   It was repeated on a precisely similar reservation in Ferguson *v.* Wright, 11 P. F. S., 258, in 1869, and in many other cases during this whole period.   Many of these are collected in Buckley *v.* Duff, *supra*, and again in 16 W. N. C., 58.   See also 106 P. S. R., 623.

We think the profession throughout the Commonwealth ought now to know what the law is upon this subject, and conform to it in practice.   In the present case, as in others similarly circumstanced, a result is produced which was probably not within the contemplation of the parties, or the court. As there was a verdict for the plaintiff for a definite sum, and no reservation which would authorize a judgment to be entered contrary to the verdict, we are obliged not only to reverse the judgment, but also to enter judgment for the plaintiff in accordance with the verdict.   It does no particular harm in this case, because we think the plaintiff was entitled

to a verdict in any event, but in some other case it might produce great mischief.

> Judgment reversed, and judgment is now entered on the verdict in favor of the plaintiff and against the defendants for $129.80, with interest from March 15th, 1884, the date of the verdict, and costs.