## Mary E. Woodward *v.* Allen H. Heist, Appellant.

*Equity—Practice, C. P.—Evidence.*

In an equity proceeding involving questions of fact passed upon by the court below, where the assignments of error are based upon rulings on the evidence, the Supreme Court, in the absence of a bill of exceptions and certificate as to the correctness of the evidence printed in the appellant's paper-book, will affirm the decree.

*Equity rules—Certifying evidence—Practice—Bill of exceptions.*

Since the adoption of the amended equity rules of January 15, 1894, the practice in regard to certifying the correctness of the evidence in equity cases is assimilated to the corresponding practice in cases at law. The official stenographer who actually takes the testimony must certify to the correctness of the notes which he files, and the trial judge should order the notes to be filed and certify to their correctness.

On an appeal in an equity case where the evidence has not been certified to by the stenographer or the trial judge, a motion for leave to apply to the court below to have the evidence certified will not be entertained if the motion is not accompanied by an affidavit that the evidence as printed in the appellant's paper-book is what it purports to be, and that the stenographer and trial judge have examined it and are ready to make the needed certificates.

Argued Jan. 7, 1897. Appeal, No. 330, Jan. T., 1896, by defendant, from decree of C. P. No. 2, Phila. Co., Sept. T., 1893, No. 826, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account. Before PENNYPACKER, J.

Motion for leave to apply to the court below to have the evidence certified.

The trial judge found certain facts and conclusions of law and recommended a decree for the plaintiff. Exceptions to the findings and to certain rulings on evidence were dismissed by the court. The evidence was not certified to by the stenographer or by the trial judge, and no bill of exceptions was taken. Defendant appealed.

*Errors assigned* were in dismissing exceptions to the report of the trial judge.

*John F. Keator*, with him *John S. Freeman*, for appellant.

*Alex Simpson, Jr.*, with him *Charles F. Van Horn*, for appellee.—The evidence is not before the court, equity rules adopted March 1, 1894: Connell v. O'Neil, 154 Pa. 582; Com. v. Arnold, 161 Pa. 320.

OPINION BY MR. JUSTICE WILLIAMS, February 15, 1897:

This case involved questions of fact that were passed upon in the court below. Evidence upon them had been heard by that court at the trial and findings of fact had been made by the learned judge on which his decree rested. The trial was in November, 1895. The findings of fact and of law were filed in January, 1896. Exceptions were filed which were overruled and decree made in March, 1896. It is now alleged by the appellant that exceptions were taken and allowed at the trial to rulings of the learned judge, and that error has been assigned in this court to such rulings. The case is now called for argument in this court, nearly one year after its decision in the court below. Upon examining the record we find that the evidence is not before us, nor are the exceptions to the rulings of the court below upon which the assignments of error rest. The appellant insists that he has the notes of the trial correctly printed in his paper-book. We have no wish to question this, but the evidence on which we must rely for the correctness of the alleged records of the court below has not been furnished to us, and we cannot accept the substitute now tendered. There does not seem to have been any order directing the stenographer to write out and file his notes; he has not certified that he wrote out or filed the copy now before us; he has not certified to its correctness; nor has the judge who presided at the trial attempted to do so. We have therefore no evidence before us that any testimony was taken or any rulings made in the progress of the trial. To satisfy us that the notes now in the paper-books are correct this motion has been made. The appellee very earnestly objects to its allowance and has assigned reasons for his opposition which appear in his paper-book. Should the motion be allowed? This case is on the equity side of the court, but since the adoption of the amended equity rules on the 15th of January, 1894, the practice in regard to this subject is the same in equity as at law. The rules relating to the subject are two, and are as follows:

" Evidence : The office of examiner to take testimony is hereby discontinued except in proceedings conducted under the directions of a statute by which duties are imposed upon an examiner, as in bills to perpetuate testimony and similar cases. All testimony in cases in equity shall be taken in the same manner as is now practiced in courts of law; upon rule, commission, letters rogatory or in open court. Rules may be entered for the purpose of taking testimony on the equity side of the several courts of common pleas in the same manner and with the same effect as upon the common law side of the same courts.

" Stenographers : The evidence on the trial of cases in equity may be taken by stenographers in the same manner and under the same rules as to noting exceptions and filing the notes of the trial as are in force on the law side of the several courts."

The effect of these amendments is to make the practice upon the trial of equity cases conform to that in actions at law. The practice in the latter class of cases ought now to be considered well settled. It will be found stated and discussed in Rosenthal v. Ehrlicher, 154 Pa. 396, in Connell v. O'Neil, reported at page 582 of the same volume, in Hill v. Egan, 160 Pa. 119, and in Walter v. The Sun Fire Office, 165 Pa. 381. These cases hold that the question, what is part of the record for purposes of review, or indeed for any purpose, is a judicial question; that the genuineness of papers, stenographers' notes of the trial, exceptions and the like must be established by proper certificates; that a stenographer's certificate to the copy of the notes of trial taken and copied by him must be made by the person who did the work, and not by the firm of which he is a member. Our writ of certiorari is directed to the judge or judges of the court whose proceedings are to be reviewed, and the return must be made by him or them to this court. The practice in the courts of law, and now equally in courts of equity, may be summarized briefly thus: formerly a bill of exceptions drawn by the excepting party and settled before the judge who tried the cause was the method of bringing upon the record the evidence and the rulings of the trial judge; the assignments of error then rested on the exceptions in all ordinary cases, and the exceptions were signed and sealed by the judge. This has been substantially superseded by modern legislation

providing for official stenographers for the several courts.   The stenographer is required to write out the evidence, the offers, the objections, the rulings of the court or judge, the allowance of exceptions, and all that pertains to them.   When an excep- tion is asked and allowed by the judge the fact of the allowance is entered upon the notes, and such entry stands in lieu of a separate bill of exceptions.

As was said by our Brother MITCHELL, in Connell v. O'Neil, supra, an exception so noted by the stenographer under the direction or permission of the judge is as much his act as though he had formally signed and sealed a bill, but he must see to it that it goes correctly upon the record.   To this end when he has directed the stenographer to write out his notes of the trial and file them, the stenographer should append to the copy, when made, his certificate that the notes were taken by him, and that the copy is correctly made from his original notes. The judge should look at them before they are filed, or as soon after as may be practicable, and if he finds them correct he should approve them.   They then become part of the record in the case, and when sent into this court in obedience to a writ of certiorari, the whole record should be certified to in the usual manner.   All these means of authentication are wanting in this case.   We don't know where what purports to be a copy of the notes of the official stenographer came from, who made it, or for what purpose.   The judge does not seem to have had his attention called to the notes, and we have no means of deciding whether the alleged rulings were ever made by him or not.   We lay no stress on the rules of the court below relating to bills of exception, for we think this whole subject has gone under the control of positive statutes that have provided another way of putting the testimony and the questions arising on the trial upon the record, but we think this application comes too late ; and, moreover, there is nothing to support it.   There is no proof that what purports to be a copy of the stenographer's notes is such.   If it is not, the judge could not certify to it, nor could the stenographer.   An affidavit of some one who knows that it is what it is represented to be, and that the stenographer and judge having examined it are now ready to make the needed certificates, would afford a foundation for this application, but none is presented.   In view of all the circumstances we decline to entertain the motion.

1897.]                     Opinion of the Court.

PER CURIAM, February 15, 1897 :

We find nothing in the record proper to justify us in sustaining any of the assignments of error or disturbing the decree from which this appeal was taken.

Decree affirmed and appeal dismissed at defendant's costs.