## Mayne *v.* The Fidelity and Deposit Company of Maryland.

*Practice, C. P.—Trial—Reservation of question of law.*

The rules established for a reservation of a question of law are: (1) The question must be one of law purely, unmixed with any question of fact; (2) it must be one which rules the case so completely that its decision will warrant a binding instruction; (3) the question must be clearly stated, and the facts on which it arises must be admitted on the record or found by the jury, in order that exceptions may be taken and a review had. In determining whether a reservation is good, the Supreme Court will look at its substance notwithstanding its form, and if it violates any of these rules, a judgment entered in pursuance of it will be reversed, although an exception has not been taken.

In an action upon a bond of indemnity, the testimony gave rise to two principal questions, one of law and one of fact: (1) Whether a prosecutor who becomes bail for a prisoner under an agreement with a third person to indemnify him, is precluded on the ground of public policy from recovering on the bond of indemnity given; (2) whether the plaintiff acted in good faith after the bond was given, and gave the surety an opportunity to perform its covenant of indemnity. The court reserved the question which in substance was: Whether upon the whole testimony the plaintiff was entitled to recover. *Held,* that the reservation was clearly bad, as it involved the drawing of inferences of fact from the evidence, which was the province of the jury.

Wherever there is a judgment on reserved points it is always desirable that there should be a written opinion to indicate to the court of errors the ground of the judgment.

Argued Jan. 9, 1901. Appeal, No 208, Jan. T., 1900, by

plaintiff, from judgment of C. P. No 4, Phila. Co., June T., 1899, No. 794, for defendant non obstante veredicto in case of William C. Mayne v. The Fidelity and Deposit Company of Maryland. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Assumpsit upon a bond of indemnity.

From the record it appeared that the plaintiff at the request of the defendant entered bail for Philip W. Averitt who was indicted in the quarter sessions for uttering a forged instrument, in which proceeding the plaintiff was also the prosecutor. The defendant gave to the plaintiff the bond of indemnity to secure him against any loss by reason of his entering bail for Averitt. Averitt failed to appear when called for trial, and the bail was forfeited.

At the conclusion of the testimony the court charged as follows:

Gentlemen of the jury, you will find a verdict in favor of the plaintiff. I shall reserve the question as to whether there is any evidence in the case upon which the plaintiff is entitled to recover.

The jury rendered a verdict for plaintiff for $2,612.50.

Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment non obstante veredicto.

*J. Martin Rommel*, for appellant.

*Hampton L. Carson*, with him *J. Levering Jones* and *Dimner Beeber*, for appellee.

Opinion by Mr. Justice Fell, March 11, 1901:

The decisions relating to the reservation of points at the trial of a cause have not always furnished a clear guide on the subject. In the recent cases of Newhard v. Penna. R. R. Co., 153 Pa. 417, Fisher v. Scharadin, 186 Pa. 565, and Williams v. Crystal Lake Water Co., 191 Pa. 98, the distinction between the reservation of a question of law and one of fact was pointed

out; and in Casey v. Pa: Asphalt Paving Co., ante, : . 348, the rules established. by all our cases were thus stated: "1. The question must be one of law purely, unmixed with any question of fact. 2. It must be one which rules the case so completely that its decision will warrant. a binding instruction. 3. The question must be clearly stated, and the facts on which it arises must be admitted on the record or found by the jury in order that exceptions may be taken and a review had." In determining whether a reservation is good, we will look at its substance notwithstanding its form, and if it violates any of these rules a judgment entered in pursuance of it will be reversed, although an exception has not been taken.

The question reserved at the trial, "whether there is any evidence in the case upon which the plaintiff is entitled to recover," is good in form but not in substance.

The testimony gave rise to two principal questions, one of law and one of fact: (1) whether a prosecutor who becomes bail for a prisoner under an agreement with a third person to indemnify him, is precluded on the ground of public policy from recovering on the bond of indemnity given; (2) whether the plaintiff acted in good faith after the bond was given, and gave the surety an opportunity to perform its covenant of indemnity. The first question might have been reserved, and the second submitted to the jury, and a judgment entered in favor of the defendant non obstante veredicto, if the finding of the jury had been in the plaintiff's favor on the question of fact, and the opinion of the court against him on the question of law. The second question could not properly have been withdrawn from the jury, as its decision depended upon disputed facts. In substance the reservation is : whether upon the whole testimony the plaintiff is entitled to recover; and this is clearly bad, as it involves the drawing of inferences of fact from the evidence, which is the province of the jury: Casey v. Paving Co., supra.

It was said by SHARSWOOD, J., in the opinion in Wilde v. Trainor, 59 Pa. 439, " wherever there is a judgment on reserved points, it is always desirable that there should be a written opinion to indicate to the court of errors the ground of the judgment." This suggestion has been repeated many times since, but it is frequently disregarded. The decision of the

question of law reserved in this case is without precedent in this state, and it does not seem to be in harmony with the trend of decision on the same or similar questions in other states. It is especially desirable in such a case that the ground of the decision should be clearly stated.

The judgment is reversed with a venire facias de novo.