## Citizens Natural Gas Company *v.* Calvert, Appellant.

*Practice, C. P.—Reserved point—Facts—Question of law.*

A reserved question must be one of law; it must be one which rules the case so completely that its decision will warrant a binding instruction; and the question must be clearly stated and the facts on which it arises must be admitted on the record or found by the jury in order that exceptions may be taken and a review had.

The sufficiency of a reservation, rather than its form controls ; its purpose and the rules governing it should be observed.

Argued May 11, 1904.   Appeal, No. 49, April T., 1904, by defendant, from judgment of C. P. Beaver Co., June T., 1900, No. 204, in verdict for plaintiff in case of The Citizens Natural Gas Company v. William M. Calvert. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Replevin for oil pipe laid under defendant's land.

WILSON, P. J., stated the facts to be as follows :

This action in replevin was brought by the Citizens Natural Gas Company of Beaver County against William M. Calvert,

to recover 3,100 feet of three-inch pipe and 261 feet of two-inch pipe.

The position of the plaintiff company is that in 1894 it laid a pipe line through the lands of William M. Calvert, consisting of 3,100 feet of three-inch pipe and 261 feet of two-inch pipe; that this was part of a continuous pipe line connecting the gas field on and beyond the lands of William M. Calvert with the Beaver Valley; that it was used for the purpose of transporting gas through this farm from the time it was laid until in August or September, 1898, when it ceased to transport gas to its consumers by this route, and the following spring or early summer the line was lifted, except that which was laid on the lands above mentioned; that Calvert refuses to permit the line over and through his land to be taken up, as it was connected with some wells from which he was obtaining gas to supply his store and house ; that during a period of some eight or nine months subsequent to this refusal negotiations were in progress looking to the amicable adjustment of the differences between the parties and the endeavor on the part of the plaintiff to get possession of the property ; that the defendant, William M. Calvert, refusing to permit the plaintiff to take up said pipe this action was brought.

To the action of replevin the defendant plead non cepit and also property in James V. McMasters.

At the trial the court reserved the question quoted in the opinion of the Superior Court.

*Error assigned* among others was in entering judgment for plaintiff on the verdict.

*George H. Calvert*, with him *J. F. Reed*, for appellant.—The rule of law is well settled that in reserving a question of law the court was bound to set forth on the record the facts of which the question is reserved: Ferguson v. Wright, 61 Pa. 258; Central Bank of Pittsburg v. Earley, 115 Pa. 359.

*Harry Calhoon*, with him *Edwin S. Weyand*, for appellee.

OPINION BY SMITH, J., October 17, 1904:

The principal error disclosed by this record is in the ques-

tion reserved, which is as follows : " The court reserves the question whether the plaintiff has the right to enter and remove the pipe in question, and the right to enter a verdict non obstante veredicto." In this, several material questions of fact which were for the jury are withheld from consideration, while the testimony in relation to them is regarded by the appellant as favorable to his contention. In the reservation, these are covered by the sentence, " Whether the plaintiff has the right to enter and remove the pipe ;'" but the facts upon which this depends were passed upon and determined by the judge in favor of the plaintiff, without discussion, and the only question submitted for determination by the jury was the value of the pipe removed. Afterward the defendant moved for judgment on the reserved question and for a new trial ; both were refused, and judgment on the verdict was entered by the court, hence this appeal.

The several facts thus passed upon by the court are not only distinct in themselves, but raise distinct questions of law. Namely : did the plaintiff own the pipe taken under the writ, or was the right to lay either line of pipe lawfully acquired, in the first instance ; if so, are these rights regularly merged in the appellee ; or was this merged right abandoned ; or can it now be asserted by the present owner of the land, who bought without notice ; or is the appellee now asserting a claim based on a private right; or does its claim arise under the power of eminent domain, as now contended for by the appellee.

We thus find several questions of fact resting upon oral testimony, joined with questions of law, and all included in the reservation. Under all the authorities this is fatal to it : Casey v. Penna. Asphalt Paving Co., 198 Pa. 348, and Mayne v. The Fidelity & Deposit Co., 198 Pa. 490. Only questions of law can be reserved. While these may embrace conclusions of fact, such conclusions must be duly found by the jury or admitted of record, or stated by the court in the nature of conclusions, without exception by either party. Whereupon they may be reserved as legal questions. The rule controlling reserved questions is laid down in the cases referred to by Mr. Justice FELL as follows : " 1. The question must be one of law purely. 2. It must be one which rules the case so com-

pletely that its decision will warrant a binding instruction. 3. The question must be clearly stated and the facts on which it arises must be admitted on the record or found by the jury in order that exceptions may be taken and a review had. In determining whether a reservation is good, we will look at its substance notwithstanding its form, and if it violates any of these rules a judgment entered in pursuance of it will be reversed." It is the safer course in reserving a question to observe its purpose, with the rules of law in relation to it, without invading the province of the jury. Justice FELL has plainly indicated the rules to be observed on this point of practice in Casey v. Paving Co., above referred to; and has there cited, and adequately presented the principles of all the cases on the subject.

It is very evident that the reservation here is bad both in form and substance, and for this reason the judgment must be reversed and a venire facias de novo awarded.