## Bond, Appellant, *v.* Pennsylvania Railroad Company.

*Practice, C. P.—Judgment non obstante veredicto—Act of April 22, 1905, P. L. 286.*

The Act of April 22, 1905, P. L. 286, was not intended to change the relative functions of court and jury, so as to permit the judge to decide questions of conflicting evidence, but only to allow him to do subsequently on review of the whole case what it then appeared it would have been proper to do by a binding direction at the trial.

*Negligence—Railroads—Crossings—"Stop, look and listen"—Judgment non obstante veredicto—New trial.*

Where a verdict has been recovered against a railroad company for personal injuries sustained at a grade crossing, and a motion has been made for judgment for defendant non obstante veredicto, and upon the hearing of this motion the court is of opinion that the verdict was clearly against the weight of the evidence, the proper remedy is a new trial, and not an entry of judgment for defendant non obstante veredicto.

Argued Feb. 13, 1907.    Appeal, No. 9, Jan. T., 1907, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1906, No. 27, for defendant non obstante veredicto in case of Winfield S. Bond v. the Pennsylvania Railroad Company.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries.    Before HEMPHILL, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $5,000, upon which judgment was subsequently entered for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*A. M. Holding,* with him *John J. Gheen,* for appellant.

*John J. Pinkerton,* for appellee.

PER CURIAM, April 29, 1907 :

The plaintiff, about half-past five on a January afternoon, drove in an ordinary top buggy down Washington avenue in

Downingtown towards the tracks of the defendant. He testified positively that when about thirty or thirty-five feet from the track he stopped, looked both ways and listened, and not seeing or hearing anything he drove on " at a quiet gait," " just a jog trot," and when he got near the track he saw the engine coming, " and I guess the horse heard it or saw it about the same time, and he swung around and the engine hit the wagon and threw me out." He also testified that if it had been daylight he could have seen the engine several hundred feet away, but it was getting dark and the train was a freight with no headlight on the engine. On this presentation the plaintiff had made out a case for the jury.

On the other hand, a number of witnesses testified that they saw the train plainly and heard the whistle ; that plaintiff did not stop, but kept on until his horse shied and ran in front of the engine. The learned judge submitted the case to the jury in these terms : " Now, gentlemen, as I have said to you before, if the testimony of the plaintiff is the testimony that you can rely upon as giving you the facts and true circumstances under which this accident happened, he would be entitled to recover. If you disregard that testimony and credit that of the other witnesses which seem to conflict with it, and which showed that the accident, if you believe them, happened, not at Washington avenue crossing, but some 100 to 150 feet or more south of it, and it was by reason either of this man driving under excitement or recklessly down along the track, and then attempting to cross in front of the train, or by reason of his inability to control his horse, it would constitute then an accident for which neither he or the railroad company would be responsible, and your verdict in such case would be simply for the defendant."

The jury found for the plaintiff, but the court subsequently entered judgment for the defendant non obstante veredicto. The ground of the judgment is concisely expressed in the passage, " It would seem clear from the testimony in the case that, either the plaintiff did not stop, look and listen, where he said he did, or that, if he did, he must afterwards have proceeded in a negligent and careless manner until he was on the tracks and struck ; and having thus contributed to his own misfortune, cannot recover."

It is manifest that the judge believed the witnesses on the part of the defendant, and regarded the verdict as clearly against the weight of the evidence. But the remedy for this is a new trial. The Act of April 22, 1905, P. L. 286, is not intended to change the relative functions of court and jury, so as to permit the judge to decide questions of conflicting evidence, but only to allow him to do subsequently on review of the whole case what it then appears it would have been proper to do by a binding direction at the trial: Dalmas v. Kemble, 215 Pa. 410.

For this error the judgment must be reversed, but as it appears that the motion for a new trial has not been formally disposed of, it will be open to the court to consider that rule.

Judgment reversed and procedendo awarded.