## Shannon v. McHenry, Appellant.

*Practice, C. P.—Judgment non obstante veredicto—Evidence—Act of April 22, 1905, P. L. 286.*

It was not the intent of the Act of April 22, 1905, P. L. 286, to disturb the line of distinction between the province of the court and that of the jury, and no judgment can be entered under the act against the verdict except where binding directions would have been proper at the close of the trial.

*Mortgage—Assignment of mortgage—Declaration—Evidence—Terre-tenant.*

Where a mortgagee assigns all his interest in a mortgage to another

person, and at the same time delivers the mortgage and the bond accompanying it to the assignee, a statement made by the mortgagee to a person proposing to purchase the mortgaged premises, after he had parted with all interest in the mortgage as well as the indicia of ownership, to the effect that the mortgage was given for the same debt that was secured by two judgments which were prior liens on the property, is not binding upon the assignee of the bond and mortgage as against the purchaser who had made no inquiry as to whether the mortgagee owned the mortgage at the time he made the statement.

Argued Oct. 18, 1907.  Appeal, No. 86, Oct. T., 1907, by Anna McHenry, from judgment of C. P. Clarion Co., Nov. T., 1905, No. 11, for plaintiff non obstante veredicto in case of I. M. Shannon v. Kate Conlon and Farrel Conlon, Defendants Mortgagors, and Anna McHenry, Terre-tenant and owner of mortgaged premises.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Scire facias sur mortgage.

At the trial a verdict was rendered in favor of the defendant subject to question of law reserved.

On a motion for judgment non obstante veredicto, WILSON, P. J., filed the following opinion :

The undisputed testimony shows the mortgage upon which this suit was brought, as well as the penal bond in the sum of $3,000 conditioned upon the payment of $1,500, accompanying the mortgage, was assigned and delivered, before maturity, for a bona fide consideration, to the present plaintiff, I. M. Shannon, and was a valid and existing debt as part of the purchase money of the real estate sold and conveyed by W. E. Eshelman to Kate Conlon, and that Anna McHenry became a terre-tenant through the purchase of her husband, W. B. McHenry, acting as her agent from Kate Conlon of the real estate bound by the lien of mortgage.

If the evidence now on file in this case is to be believed, McHenry assumed the payment of the mortgage in suit as well as all of the other liens against the property at the time of the purchase by him from Mrs. Conlon.

Mr. Shannon held a pre-existing debt against Mr. Eshelman and the latter assigned to the former the bond and mortgage now in dispute.  The testimony of Mr. Shannon shows that

he accepted this assignment as a payment and entered credit for the same and did not hold it as collateral, although he retains possession of the original note against Eshelman. Had the instrument been negotiable and assigned for value before maturity, without notice, and whether for a present consideration, in payment of a pre-existing debt, or as a collateral, the assignee would hold it free and discharged of any defense or rights of the maker. When the instrument assigned is a nonnegotiable one, a bona fide assignee for value before maturity takes it discharged of the equities of persons not parties to it of which he had no notice, but takes it subject to all of the equities between the original parties. The acceptance by Mr. Shannon of the assignment of the debt for $1,500, re-represented by the bond and mortgage in this suit, as a payment, and not as collateral, and an entry of credit for the same on the note which he held against Mr. Eshelman, would tend to rebut any presumption that he held it as collateral, and would be a sufficient consideration to support the assignment. The assignee gave credit to the bond and mortgage as recorded and relied upon it. No proof has been offered to show that the bond and mortgage was not just what it represented to be on its face and, therefore, the mistaken or fraudulent declarations made by the mortgagee in direct contradiction of the plain terms of the mortgage, after he had parted with all of his interest therein, could not be held to estop the assignee from obtaining a judgment on the scire facias sur mortgage against the terre-tenant, and especially so when a judgment has been previously obtained thereon against the mortgagor. Otherwise it would permit persons, who were so disposed, to fraudulently enter into a combination to obtain money from an innocent assignee of a valid mortgage. Even if the assignment was held as collateral it is not clear that the mistaken declarations of the assignor thereafter made, could be used as an estoppel against the assignee. The assignment of a mortgage may be recorded, but no statute has been cited which requires it to be done.

At the time the mistaken declarations were alleged to have been made by Mr. Eshelman over the telephone from Sharon to Clarion, a distance of eighty miles, to Mr. Sloan, and alleged to have been corrected by him the same day, and before

the transaction was closed up so that anybody could be in-jured thereby, it is not shown that he represented or declared that he was either the holder or owner of the bond and mort-gage, and no inquiry was made of Mr. Eshelman to ascertain if he was the owner of the bond and mortgage at that time. If the agent of the terre-tenant relied upon the record as to this and presumed that he was still the owner for the reason that no assignment to anyone for the same had been recorded, still it would be the duty of a man of ordinary caution and prudence to definitely inquire as to this, and rely upon the mortgage as recorded and not upon the loose verbal declara-tions in contradiction thereof. Had there been any evidence offered to show that the mortgage in suit was not just what it purported to be, and was not a valid existing debt as between the mortgagor and the mortgagee, then, of course, the as-signee would stand in the same position as the mortgagee; or had the mortgagor or terre-tenant, after the assignment and without actual or record notice thereof, actually paid the mortgagee the bond secured by the mortgage, obtained pos-session of the bond and thereby extinguished the debt, an en-tirely different question would be presented. If the bond was paid and delivered to the mortgagor or terre-tenant by the mortgagee, the latter would be held to have received the debt for the use of the assignee. As between the assignee and out-side parties it is really immaterial whether the admittedly mistaken declarations, as alleged to have been communicated by the mortgagee to the agent of the terre-tenant, were made before or after the assignment to the present plaintiff, as he took it clear of the equities of any outside parties.

If the plaintiff, could not recover a judgment in this suit for the reason that it did not represent a valid existing debt at the time it was assigned to him by Mr. Eshelman, it is clear that the assignee thereof could recover a judgment in an ac-tion against the assignor notwithstanding the fact that he had entered a credit for the same on the original note of the assignor, or had even paid to him the cash for the same, but should the defense, which the terre-tenant set up at the trial, be successful, it is not so clear that Mr. Shannon would be entitled to recover the debt from Mr. Eshelman. The mis-taken declarations were made after the assignment.

There is ample evidence now on file to show that McHenry had sufficient notice that I. M. Shannon owned the Eshelman first mortgage for $1,500 and interest, and that he assumed payment of it as part of the purchase money. Statements numbers one and two hereto attached and made part hereof, are made up from what the testimony shows as to the items of the purchase money on the first transaction between Eshelman and Conlon and the second transaction between Kate Conlon and W. B. McHenry.

An estoppel is odious. It is only invoked to prevent wrong and injury, and where it is necessary to sustain the cause of justice, but never to work a manifest injustice.

In connection with what has hereinbefore been stated reference is made to the following cases: Bigley v. Jones, 114 Pa. 510; Sweetzer v. Atterbury, 100 Pa. 18; Rorabaugh v. Schrubb, 25 Pa. C. C. Rep. 573; Hamilton v. Neel, 7 Watts, 517; McCurdy, Assignee of Smith, v. Leslie, Mortgagor, and Johnson Terre-tenant, 2 W. N. C. 273, and Roberts v. Halstead, 9 Pa. 32.

And now April 2, 1907, the plaintiff's first point for binding instructions is affirmed and the evidence taken upon the trial is directed to be certified and filed of record, as per Act of April 22, 1905, P. L. 286, and the prothonotary is directed to enter judgment non obstante veredicto, upon payment of the jury fee, in favor of the plaintiff and against Anna McHenry, terre-tenant (and to liquidate the judgment as against Kate Conlon and Farrel Conlon, defendants), for the sum of $1,957.25, with interest hereon from September 4, 1906, being the amount of the mortgage, $1,500, and interest thereon from the date thereof to the date of the verdict.

*Error assigned* was the order of the court.

*W. A. Hindman,* with him *J. W. Hutchinson* and *W. W. Hindman,* for appellant.—An assignee of a mortgage, though allowed to sue in his own name, takes it subject to all the equities in favor of the mortgagors existing at the time of the assignment: Horstman v. Gerker, 49 Pa. 282.

The assignee of a mortgage must give notice of the assignment if he would protect himself against subsequent payments

made to his assignor: Foster v. Carson, 159 Pa. 477; Bigley v. Jones, 114 Pa. 510.

Since the Act of April 9, 1849, P. L. 524, the recording of an assignment of a mortgage is a duty which an assignee owes to subsequent purchasers and assignees: Sharpe v. Hutchinson, 1 Kulp, 405.

*John S. Shirley* and *J. T. Maffett*, with them *J. W. Maffett*, for appellee.—The Conlons were defendants in the case, and judgment had been taken against them by default. Let us concede that Eshelman was the apparent owner of the mortgage on the record, and that W. B. McHenry had no knowledge of the assignment to Shannon in 1901. It was simply the plain duty of McHenry to look at the record and read the mortgage, and not rely on vague and indefinite statements over the telephone, a distance of eighty miles, which contradicted the plain terms of the mortgage: Hamilton v. Neel, 7 Watts, 517; McCurdy v. Leslie, 2 W. N. C. 273; Roberts v. Halstead, 9 Pa. 32; Bigley v. Jones, 114 Pa. 510; Sweetzer v. Atterbury, 100 Pa. 18; Rorabaugh v. Schrubb, 25 Pa. C. C. Rep. 573; Williams v. Graver, 152 Pa. 571.

Opinion by Mr. Justice Fell, January 6, 1908:

The main ground of the appellant's contention is that judgment was improperly entered for the plaintiff non obstante veredicto, because the material facts were in dispute and involved the consideration of oral testimony and the credibility of witnesses. If this was the case the judgment is erroneous. It is not the intent of the Act of April 22, 1905, P. L. 286, to disturb the line of distinction between the province of the court and that of the jury, and no judgment can be entered under the act against the verdict except where binding directions would have been proper at the close of the trial: Dalmas v. Kemble, 215 Pa. 410; Bond v. Penna. Railroad Co., 218 Pa. 34.

The mortgage in suit was a purchase money mortgage given by Conlon to Eshelman on August 6, 1901, recorded the same month, and transferred to the plaintiff by assignment dated October 25, 1901, and recorded September 29, 1905. McHenry, the terre-tenant, who alone made defense, purchased the prop-

erty from Conlon in June, 1903. The ground of her defense was that before paying the purchase money, her counsel, representing her in the purchase, was told by Eshelman that the mortgage was given for the same debt that was secured by two judgments which were prior liens on the property, and that acting on the belief that this was the case, a settlement was made with Conlon.

There was no attempt at the trial to prove that the mortgage and the judgments were for the same debt. The whole controversy was whether the terre-tenant had acted on a statement in relation to them made by Eshleman to anyone representing her in the matter. The issue of fact was submitted to jury, and the finding was in favor of the defendant.

If the question answered by the verdict were decisive of the plaintiff's right to recover, a judgment non obstante could not properly have been entered, because there was a dispute as to the facts which it was the province of the jury to decide. But there was no dispute that Eshelman had parted with all interest in the mortgage by assignment and delivery of it, and the bond it was given to secure before the terre-tenant took title. The record does not fully sustain the statement made in the opinion of the court that the undisputed testimony showed this. There was no direct testimony on this subject, but it was not in dispute that an assignment had been made October 25, 1901, as recited in the writ of scire facias, although a later assignment was executed in 1905. The trial was apparently proceeded with on the assumption, the correctness of which has not at any time been questioned, that the mortgage was assigned in 1901 by an indorsement on the back thereof, and that a second assignment bearing the same date as the first was executed in 1905, because the first had not been acknowledged and could not be recorded. The case having been tried on this assumption, it should be considered on review as if the proofs had been made. It would be idle to send it back in order that proof should be made of facts not really in dispute.

The first assignment of the mortgage operated as a valid transfer. Eshelman had delivered the bond and mortgage with the assignment, and had parted with all interest as well as the indicia of ownership, and he was not even asked, in the conversation alleged to have taken place, whether he then

owned the mortgage. Under these circumstances the statement imputed to him could not in any manner affect his assignee.

A finding of all the disputed facts against the plaintiff did not defeat his right to recover; judgment was properly entered for him, and it is now affirmed.