# Hardoncourt, Appellant, v. North Penn Iron Company.

*Libel—Corporation—Authority of officer—Scope of authority.*

1. A corporation may be held liable for a libel published by its officer acting within the scope of his authority.

2. A verdict against a corporation for damages for libel will be sustained, where the evidence shows that the libelous matter consisted of a letter signed with the name of the corporation, and the treasurer's name as such, that the letter contained grave charges affecting the character of the plaintiff, a former employee of the defendant, and was sent to various persons with the evident object of protecting the company's business from competition by the plaintiff, and that the person who signed the letter was not only a treasurer and director, but was in fact the general manager of the company.

*Practice, C. P.—Judgment non obstante veredicto—Appeals.*

3. A judgment non obstante veredicto may be entered only in cases where binding directions to the jury would have been proper at the trial.

4. Where the appellate court reverses a judgment non obstante veredicto, it will remit the record to the common pleas with leave to reinstate the rule for a new trial, in order that such judgment may be entered thereon as law and right require. In this way an opportunity is given to the defendant to appeal.

Argued May 11, 1909. Appeal, No. 133, Jan. T., 1908, by plaintiff, from judgment of C.P. No. 1, Phila. Co. Sept. T., 1905, No. 4262, for defendant non obstante veredicto in case of Arthur Hardoncourt, Jr., v. The North Penn Iron Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

380 HARDONCOURT, Appellant, *v.* N. PENN IRON CO.

Trespass for libel. Before KINSEY, J.

At the trial the jury returned a verdict for plaintiff for $15,000. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Oliver W. Payran,* with him *Lillian Herbert Andrews,* for appellant.—A corporation is liable for a libel: Goddard v. Grand Trunk Ry. Co., 57 Maine, 202; Philadelphia & Reading R. R. Co. v. Derby, 55 U. S. 468.

There is no case in Pennsylvania directly in point to the one at bar; there are analogous ones, however, which have enunciated the principle that a corporation is responsible for the tortious acts of its agents: Chestnut Hill, etc., Turnpike Co. v. Rutter, 4 S. & R. 6; McCready v. Guardians of the Poor, 9 S. & R. 94.

*Clifton Maloney,* with him *J. B. Colahan,* 3d, for appellee.—A corporation is liable for the acts of its officers only when those acts are performed in the course of their duties as its officers, or agents: Mapes v. Second National Bank of Titusville, 80 Pa. 163.

OPINION BY MR. JUSTICE FELL, June 22, 1909:

This was an action for libel and the trial resulted in a verdict for the plaintiff. Judgment was entered for the defendant non obstante veredicto on the ground that it had not been shown that the officer of the defendant corporation, who wrote the letter containing the libelous matter complained of, was in so doing acting within the scope of his authority. The letter was signed "The North Penn Iron Co., P. M. Maloney." It contained grave charges affecting the character of the plaintiff, a former employee of the defendant, and it was admittedly libelous. Copies of the letter were sent to persons with whom the defendant then had or desired to establish business relations with the evident object of protecting its business from

competition by the plaintiff. P. M. Maloney was one of the defendant's directors and was its treasurer. It was testified that the defendant's business was really managed by him and that he was called the general manager, although it did not appear that the office of general manager had been created.

A corporation may be held liable for a libel published by its officer acting within the scope of his authority, and it cannot be said that the testimony furnished no ground for an inference that P. M. Maloney in writing and publishing the letter was acting within the scope of his authority. The conclusion reached by the jury upon the whole evidence may not be the correct one, but the question was one of fact and a binding instruction for the defendant could not properly have been given at the trial. Since this was the case, judgment non obstante could not be entered for the defendant. The Act of April 22, 1905, P. L. 286, which provides that, where at the trial of a cause a point requesting binding instructions has been reserved or declined, the court may upon motion enter such judgment non obstante veredicto as should have been entered at the trial, enlarges the power of the court by enabling it to enter judgment against the verdict for either party; but it makes no change in the settled line of distinction between the province of the court and that of the jury. A judgment non obstante may be entered only in cases where binding direction to the jury would have been proper at the trial: Dalmas v. Kemble, 215 Pa. 410; Bond v. Railroad Co., 218 Pa. 34; Shannon v. McHenry, 219 Pa. 267. Where the finding of the jury is improper, the remedy is as heretofore by a new trial. The judgment is reversed.

Our attention has been called to the desire of the appellee to have an opportunity to appeal if the assignment of error should be sustained. In accordance with the practice suggested in Hughes v. Miller, 192 Pa. 365, we remit the record to the common pleas with leave to reinstate the rule for a new trial in order that such judgment may be entered thereon as law and right require.