McCORD et al. v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Third Circuit. May 29, 1911.)

No. 1,421.

1. APPEAL AND ERROR (§ 272*)—EXCEPTION IN LOWER COURT—TIME OF TAKING.

A verdict having been rendered for plaintiff June 15, 1909, a motion for judgment non obstante was made June 17th, and argued on the 26th. The motion was granted, and judgment entered for defendant February 12, 1910, during the November, 1909, term of court, which ended on May 9th. *Held*, that an exception to the entry of judgment, first sealed on July 19th, after the May term had commenced, and after a writ of error had been allowed and the assignments of error filed in the Circuit Court, was too late.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1611; Dec. Dig. § 272.*]

2. JUDGMENT (§ 199*)—JUDGMENT NON OBSTANTE—RECORD.

A motion for judgment non obstante for defendant, made at the close of the trial, could not be granted, where it was based on the record only, then consisting of nothing but the pleadings and a verdict in favor of plaintiff, without the evidence and the proceedings at the trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367-375; Dec. Dig. § 199.*]

3. JUDGMENT (§ 199*)—NOTWITHSTANDING VERDICT—RECORD OF EVIDENCE—STATUTES.

Where, at the close of the evidence, defendant applied for binding instructions, and, the case having been submitted to the jury, treated such application as refused, and, after verdict for plaintiff, moved the court to order that the entire testimony be filed and made a part of the record, and that judgment non obstante in favor of defendant be entered thereon, it was the duty of the court, imposed by Act Pa. 1905 (P. L. 286), to certify and file a transcript of the evidence and proceedings had at the trial, and on this, in connection with the balance of the record, hear and determine the motion for judgment non obstante.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 199.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Mary McCord and others against the Baltimore & Ohio Railroad Company. From a judgment in favor of defendant non obstante veredicto, plaintiffs bring error. Motion to dismiss denied, and judgment reversed.

Charles F. McKenna and McKenna & McKenna, for plaintiffs in error.

William B. Linn, Johns McCleave, and Owen S. Cecil, for defendant in error.

Before GRAY and LANNING, Circuit Judges, and McPHERSON, District Judge.

J. B. McPHERSON, District Judge. [1] This case was tried in the Circuit Court, and a verdict was rendered for the plaintiff on June 15, 1909. A motion for judgment notwithstanding the verdict was made on June 17, and argued on June 26. On February 12, 1910,

the motion was granted, and judgment for the defendant was entered. This was during the November term, which ended on May 9. Apparently no exception to the entry of judgment was asked for, and none was sealed until July 19, after the May term had begun, and after the writ of error had been allowed and the assignments of error had been filed in the Circuit Court. This was too late (United States v. Jones, 149 U. S. 262, 13 Sup. Ct. 840, 37 L. Ed. 726; Morse v. Anderson, 150 U. S. 156, 14 Sup. Ct. 43, 37 L. Ed. 1037; Jennings v. Railroad Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031), and it would be necessary to grant the pending motion and dismiss the writ of error, if mere inspection of the record did not disclose a situation which requires us to refuse the motion and reverse the judgment.

[2] After the trial in the Circuit Court had ended in a verdict, the record of the case showed nothing except the pleadings, a trial of the issue thus formed, and a verdict in favor of the plaintiff. Upon that record alone the Circuit Court might, of course, have granted a new trial; but it had no power to enter any other judgment than in accordance with the verdict. In order to justify the entry of a judgment in favor of the defendant, it was essential that other matters should be put upon the record, and this could only be done by appropriate proceedings. [3] One method of enlarging the record and furnishing the foundation for such a judgment, namely, the reservation of a controlling question of law, has long been known in the courts of Pennsylvania, and need not now be considered in complete detail. But one form of such a reservation does need careful consideration at the present time—the reservation of a request for binding instructions in favor of the defendant. Such a motion comes at the end of a trial, and is based upon the proposition that there is no evidence that ought to be submitted to the jury in support of the plaintiff's claim. This, of course, presents a preliminary question of law upon which it is the duty of the judge to pass; but, as the evidence presented to the jury forms no part of the record, how is it to be put there, so that the trial judge may consider it, when the question has been reserved, and the decision of the motion has therefore been postponed—and especially so that an appellate court may review his action? The Pennsylvania Legislature has answered this question by passing several statutes; but for present purposes it will be sufficient to confine our attention to the latest of these, the act of 1905. This act provides (P. L. 286):

"That whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence, at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard. From the judgment thus entered either party may appeal to the Supreme or Superior Court, as in other cases, which shall review the action of the court below, and enter such judgment as shall be warranted by the evidence taken in that court."

In the present case the defendant presented a point asking for binding instructions, which was neither reserved nor formally declined: but, as the case was submitted to the jury, we shall treat the submission as equivalent to a refusal. The defendant's counsel evidently so treated it, for he excepted to "the court's refusal of all of defendant's points," and afterwards in accordance with the act moved the court to "order and direct that the entire testimony taken herein be filed and become and be a part of the record, and that judgment non obstante veredicto in favor of the defendant be entered thereon." Thereupon the act made it the duty of the court "to so certify the evidence," and it is at this point that we are constrained to decide that a vital error was committed. The evidence was never certified, either then or at any time thereafter, and in our opinion this was a failure to comply with an indispensable requirement. No exception to the admission of any evidence was taken at the trial; but, even if exceptions here and there had been taken, the whole of the evidence could not possibly get upon the record except by pursuing the statutory method, and it was therefore not available for consideration by the court below, and is not available now in the court of appeals. Under ordinary circumstances it is probably an unimportant detail when the certification takes place, at least while the court's power over the case continues; but at some time the judge must certify, and he himself must perform the act. A certificate by the stenographer is not sufficient, as the Supreme Court of Pennsylvania has often decided; and, even if it were, there is no such certificate in the pending case. Obviously, the accuracy of the notes is of the highest importance, and the duty of certifying to their correctness is put where it properly belongs—upon the judge—and cannot be omitted. Of course, he will naturally receive the valuable assistance of counsel; but he is the final arbiter of disputes, and this is no doubt the principal reason why the act has expressly made it "the duty of the court" to attach his certificate. Only upon "that evidence," thus authenticated, can he enter judgment upon a point reserved or declined, and only upon that evidence can a court of appeal safely act. If, therefore, the certified evidence is not before him—we repeat that the time of certifying is ordinarily not important—he has nothing but the bare record upon which he can act, and upon that his judgment (generally speaking) must follow the verdict. If it had followed the verdict in this case, the judgment must have been for the plaintiff; and in our opinion such a judgment should have been entered by the Circuit Court. We cannot possibly determine on the merits the accuracy of the judgment n. o. v., for we must disregard the evidence entirely, and we are therefore presented with a record which on its face entitles the plaintiff to a judgment in accordance with the verdict.

It is not necessary to quote at length from the numerous cases in Pennsylvania which have considered these subjects. The foregoing views are amply supported by the following cases:

Upon the general subject of the entry of judgment non obstante veredicto: Inquirer Co. v. Rice, 106 Pa. 623; Buckley v. Duff, 111 Pa. 223, 3 Atl. 823; Henry v. Heilman, 114 Pa. 499, 6 Atl. 921;

Mayne v. Fidelity Co., 198 Pa. 490, 48 Atl. 469; Casey v. Paving Co., 198 Pa. 348, 47 Atl. 1128, and cases cited; Rosenthal v. Ehrlicher, 154 Pa. 396, 26 Atl. 435; Connell v. O'Neil, 154 Pa. 582, 26 Atl. 607; Commonwealth v. Arnold, 161 Pa. 320, 29 Atl. 270; Smith v. Times Publishing Co., 178 Pa. 481, 36 Atl. 296, 35 L. R. A. 819; and Woodward' v. Heist, 180 Pa. 161, 36 Atl. 645, 1131.

Upon the act of 1905, supra—which is to be followed by the federal courts in this state, Fries-Breslin Co. v. Bergen [C. C.] 168 Fed. 360; Smith v. Jones, 181 Fed. 819, 104 C. C. A. 329—the principal Pennsylvania decisions are Dalmas v. Kemble, 215 Pa. 410, 64 Atl. 559; Shannon v. McHenry, 219 Pa. 267, 68 Atl. 734; Hardoncourt v. Iron Co., 225 Pa. 379, 74 Atl. 243; Farley v. Railway Co., 32 Pa. Super. Ct. 413; Ackley v. Bradford, 32 Pa. Super. Ct. 487; Murphey v. Greybill, 34 Pa. Super. Ct. 339; Casey v. Canning, 39 Pa. Super. Ct. 95.

The motion to dismiss is refused. The judgment is reversed, and the court below is directed to enter judgment on the verdict in favor of the plaintiff.