# Duffy, Appellant *v.* York Haven Water & Power Company.

*Appeals—Practice, C. P.—New trial—Judgment n. o. v.*

Where the Supreme Court reverses the court below in granting a judgment non obstante veredicto, but instead of entering judgment on the verdict, awards a procedendo, "so that the court may consider and dispose of the pending motion for a new trial," the court below may grant a new trial without assigning any reason therefor. Such action is not an abuse of discretion which will be reviewed by the Supreme Court.

Argued Feb. 14, 1912. Appeal, No. 2, May T., 1912, by plaintiffs from order of C. P. Dauphin Co., March T., 1906, No. 161, granting a new trial in case of James Duffy et al. v. York Haven Water & Power Company. Before MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Motion for new trial.
The opinion of the Supreme Court states the case.

*Error assigned* was in granting a new trial.

*John R. Geyer* and *Bernard J. Myers,* with them *John E. Fox* and *John E. Malone,* for appellants.

*Reynolds D. Brown* and *Charles L. Bailey, Jr.,* for appellee.

PER CURIAM, February 26, 1912:

When this case was here before, Duffy v. York Haven Water and Power Company, 233 Pa. 107, in concluding the opinion we said: "It appears from the record that the motion for a new trial made by the defendant has not been disposed of. We will, therefore, not direct judgment to be entered on the verdict, but

reverse the court in granting the judgment notwithstanding the verdict, and award a procedendo, so that the court may consider and dispose of the pending motion for a new trial." This was in accord with the prior practice established in Dalmas v. Kemble, 215 Pa. 410, and Bond v. Railroad Company, 218 Pa. 34. The record having been remitted, the learned court heard the parties on the motion for a new trial and made the following order: "We have carefully considered all the testimony in this case and are constrained to conclude that it does not warrant the verdict which has been rendered. We accordingly sustain the pending motion and grant a new trial." The plaintiffs have appealed from this order, and contend that the action of the court in granting a new trial was an abuse of discretion. We cannot sustain this contention. The authority exercised by the trial court was clearly within what was said in our opinion. We held that the facts appearing on the trial were sufficient to send the case to a jury, and we reversed the court below for entering judgment for the defendant notwithstanding the verdict for the plaintiffs. In granting the new trial the court did not attempt to review our conclusion but, following what we expressly said, considered and disposed of the pending motion for a new trial. The reason for granting the new trial does not appear, nor is it necessary that it should appear. It may be that the learned court thought the verdict was excessive as to which we expressed no opinion.

The order is affirmed.