George R. EULO, Plaintiff,

v.

DEVAL AERODYNAMICS, INC., a Delaware corporation, Deval Aerodynamics, Inc., a Pennsylvania corporation, John A. Baldinger and John Bello, Defendants.

Civ. A. No. 31738.

United States District Court
E. D. Pennsylvania.

Aug. 15, 1963.

764

tains financial and operating data. It is further alleged that since the letter was distributed in normal course of corporate activity, and since apparent authority may be found under the circumstances, the corporate defendants may be held responsible for the libel. Restatement of Agency 2d., § 247.

Plaintiff has stated a cause of action under Pennsylvania law. Hardoncourt v. North Penn Iron Company, 225 Pa. 379, 74 A. 243 (1909). Defendants' motion at best raises questions of fact and is therefore insufficient to overcome the allegations of the complaint.

Arnold R. Ginsburg, Philadelphia, Pa., for plaintiff.

Jacob S. Richman, of Richman & Richman, Philadelphia, Pa., for defendants.

BODY, District Judge.

The corporate defendants herein have moved to dismiss the complaint on the ground it fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

The complaint alleges that the libel on which it is based was published in the form of a "Shareholder's Newsletter", a copy of which is annexed to the complaint. This document was signed with the name of a corporate defendant and not by either of the individual defendants. One individual defendant is President and Chairman of the Board of one corporate defendant. The other individual defendant is Executive Vice-President, Treasurer and a Director of the same corporate defendant. The latter individual is also an officer of the other corporate defendant. Both corporate defendants have been treated as one on the record.

Plaintiff alleges that apparent authority to publish the libel may be found under the stated circumstances. In addition, it is alleged that the libel was published in the course of corporate business since the letter deals mainly with a statement of corporate condition and con-